**SHAPIRO, BERNSTEIN & CO., Inc.,**
**Plaintiff,**

**v.**

**Jerome BLEEKER, Florence Bleeker and Kenneth T. Patton, individually and as partners doing business as Reed's Music Store, Defendants.**

**No. 63–244.**

United States District Court
S. D. California,
Central Division.

Dec. 19, 1963.

O'Melveny & Myers, Los Angeles, Cal., for plaintiff.

Mahoney, Halbert & Hornbaker, Los Angeles, Cal., for defendants.

HALL, Chief Judge.

This Complaint for infringement of copyright asserts that defendants, as Reed's Music Store, sold a "fake-book" which contained the right hand melody of 1,000 songs, 12 of which were copyrighted by the plaintiff.

Defendants filed a Motion for summary judgment on the ground that it does not appear that they "copied" the songs, and that the sale of the book constituted a "fair use." Plaintiff opposed the Motion for summary judgment and filed one of its own on the ground that plaintiff is entitled to the so-called "statutory minimum" damages of $250 for each one of the plaintiff's 12 copyrighted songs contained in the single book.

Neither party is, in the opinion of the Court, entitled to summary judgment as each has misconceived the applicable law in certain respects.

Defendants have misconceived the applicable law in that the Copyright

Act (17 U.S.C. § 1) gives the person owning the copyright not only the exclusive right to *copy*, but also to *vend* the copyrighted work.

■ Plaintiff misconceives the applicable law in that it asserts that it is entitled to the minimum sum of $250.00 for each of the songs, regardless of the actual damage suffered by the owners of the copyright and regardless of the profits which shall have been made by the vendor.

The damage provision of the Copyright Act contained in 17 U.S.C. § 101(b), in its pertinent part, provides as follows:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

" * * *

"(b) Damages and profits; amounts; other remedies—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only, and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty."

The book contained the melodies for 1,000 songs, and assuming that all of them were copyrighted, under defendants' theory, the plaintiff would be liable for damages in the sum of $250,000 for the sale of a single book. Obviously this would be an unjust result, and just as obvious, it seems to me, the result would be unjust for the plaintiff to recover $3,000 in damages without proof of actual damage or of defendants' profits.

In Woodman v. Lydiard-Peterson Co. (Minn. 1912) 192 F. 67, at page 71, the Court said:

"The anomalous provision in this section is this: That the court may in lieu of actual damages and profits in its discretion allow such damages as shall appear to be just; yet it apparently requires such damages in this case to be $250. But it cannot be possible that, where the court is of the opinion that there were no damages at all, it still is bound to allow $250, and that, where the court is of the opinion that it would be a matter of injustice to allow even $1, it would be compelled by law to allow $250. Some other construction must be given to that provision. I think it means that where the court is satisfied that there are substantial damages, but the evidence is incomplete or is insufficient, so that the court cannot determine just what the damages are, then it may allow them on that basis. But wherever the court is of the opinion that the damages cannot be more than $50 or $100, it should not allow $250."

In F. W. Woolworth Co. v. Contemporary Arts, Inc. (1952) 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276, the Court made clear that it is a matter of judicial discretion as to whether or not it is more just that recovery be based upon proven profits of the defendant and damages to the plaintiff, or be within the statutory limits.

In this connection, it must be pointed out that the plaintiff is seeking relief in the alternative, i. e., such damages as plaintiff has suffered as well as such profits as defendants have made, or in lieu thereof, not less than the $250 minimum for each infringement.

The parties should be put to their proof as to damages of plaintiff, and as to profits, if any, of defendants, before the Court is in a position to exercise

the discretion which might result in the imposition of the statutory minimum of damages.

Accordingly, both Motions for summary judgment are denied.