Arthur R. BORDEN, Jr.,
Plaintiff–Appellee,

v.

Anita KATZMAN, Defendant–Appellant.

No. 87–3351.

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1989.

**1036**

Mark Louis Katzman, Sarasota, Fla., and Andrew J. Goodman, on brief, New York City, for defendant-appellant.

Stefan V. Stein, Stein, Reese & Prescott, Tampa, Fla., for plaintiff-appellee.

Before HILL and EDMONDSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

GARZA, Senior Circuit Judge:

In this case appellant asserts that the district court erroneously exercised jurisdiction of appellee's declaratory judgment action, which was brought under the Copyright Act of 1976. We are convinced that the only issues before the district court presented questions of state law requiring neither determination of a claim for infringement nor construction of the Copyright Act. Therefore, we reverse the decision of the district court, vacate the order issued pursuant thereto and remand for dismissal of the cause for lack of subject matter jurisdiction.

**Background**

Appellee Dr. Arthur R. Borden is a professor emeritus of English at New College of the University of South Florida. Appellant Anita Katzman is the author of a published work of fiction entitled, *My Name is Mary*. In January of 1974, appellant travelled to Tahiti where she learned of the existence of a nineteenth-century Tahitian ruler named Queen Pomare IV. She resolved to write a book concerning the life and times of the Queen entitled, *A Reason to Tarry*. She has conducted considerable research for this book since May of 1975. During the course of this research she discovered a book that was written contemporaneous with the life of Queen Pomare IV by a man named A.J. Moerenhout. The title of this book is *Voyages aux Iles au Grand Ocean* (the Moerenhout book). The right to publish an English translation of the Moerenhout book constitutes the gravamen of this lawsuit.

Prior to 1975, Ms. Katzman and Dr. Borden had come to know each other at New College. When appellant told appellee that she was looking for a student to translate some published materials from French to English, appellee offered his services. At Dr. Borden's suggestion, appellant contributed $500 to the New College music festival in return for his translation. Thereafter, Dr. Borden translated several other works for Ms. Katzman. He was paid for these translations. He also assisted appellant in the preparation and organization of research materials for *A Reason to Tarry*.

In 1976, Ms. Katzman reviewed the Moerenhout book at the Library of Congress. She then travelled to Tahiti to purchase a copy. Finding this copy was, apparently, no small feat because the work had been out of print for a number of years. In 1982, Dr. Borden translated several portions of the Moerenhout book for Ms. Katzman and she paid him for the requested translations. Later, he translated the rest of the book and delivered a rough draft of this latest translation to appellant. Subsequently, and approximately one month after filing this declaratory judgment action, he obtained a United

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

States Certificate of Registration from the Copyright Office for his translation.

Dr. Borden contracted with University Press to publish his translation of the Moerenhout book. Ms. Katzman, however, has succeeded in holding up publication by threatening University Press with litigation. She claims that she gave Dr. Borden a copy of the Moerenhout book in confidence and that his attempt to publish it constitutes a breach of fiduciary duty. She believes that publication of the Moerenhout translation would pre-empt sales of her book about the life of Queen Pomare IV. Appellee believes that his translation would have a positive impact upon the sales of *A Reason to Tarry*, which is not yet ready for publication.

Dr. Borden filed suit on October 25, 1985, seeking entry of a judgment declaring that Ms. Katzman is without right to threaten suit against him or his publisher for alleged infringement or theft of copyright. As a preliminary matter, Ms. Katzman claimed that the court was without subject matter jurisdiction because the case involved a breach of fiduciary duty and did not arise under the copyright laws. In addition, she counterclaimed, asking that appellee be permanently enjoined from publishing his translation of the Moerenhout book.

The district court entered judgment in favor of Dr. Borden on May 1, 1987. The court found that the issue in controversy concerned whether or not Ms. Katzman has the right to prevent Dr. Borden from publishing his translation of the Moerenhout book. The case was, therefore, according to the court, one that involved publication rights, which are governed exclusively by the Copyright Act of 1976. The court granted appellee's request for declaratory judgment and denied appellant's counterclaim. In addition, the court awarded Dr. Borden attorneys' fees and costs, as a prevailing party in a copyright suit, in the amount of $21,757.90. From this judgment, appellant brings this appeal.

## Discussion

In one of the leading cases on the question of when an action "arises under" the copyright laws, the late Judge Friendly of the Second Circuit observed that "[a] layman would doubtless be surprised to learn that an action wherein the purported sole owner of a copyright alleged that persons claiming partial ownership had recorded their claim in the Copyright Office and had warned his licensees against disregarding their interests was not one arising under any Act of Congress relating to ... copyrights." *T.B. Harms Company v. Eliscu,* 339 F.2d 823, 824 (2nd Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). The same layman might well shake his head in wonder upon the revelation that an action in which the undisputed owner of a copyright is prevented, through the threat of litigation, from exercising one of the exclusive privileges granted by such ownership is likewise not one arising under the copyright laws. "Yet precedents going back for more than a century" lead us to that inescapable conclusion. *Id.*

■ As a preliminary matter, we note that appellee has brought this action under the Declaratory Judgment Act, which does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question. *Skelly Oil Co. v. Phillips Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Dr. Borden asserts that jurisdiction exists under the Copyright Act of 1976, which confers exclusive jurisdiction upon the federal courts for resolution of copyright disputes. 28 U.S.C. § 1338(a), (b) (Supp.1988). He argues that Ms. Katzman claims a right to publish an English translation of the Moerenhout book. And since the right to publish a particular work resides exclusively with the owner of the copyright to that work, Ms. Katzman's effective destruction of that right, according to appellee, violates the copyright laws.

Appellant Katzman vigorously denies the assertion that she claims a right to publish a translation of the Moerenhout book and she disavows any intention of ever pressing

such a claim. There is, however, evidence in the record to the contrary, most notably in the parties' Stipulation of Facts, where appellant claims the right to publish, and to prevent others from publishing, a translation of the book. This stipulation directly contradicts her answers to appellee's Amended Complaint, wherein she explicitly denies ownership of the copyright to the translation or a right to publish it. In any event, for the reasons stated below, our decision in this case does not turn upon whether Ms. Katzman asserts a right to publish the Moerenhout translation.

Federal jurisdiction may obtain under the appellee's (and the district court's) view of this case only if appellee's suit presents a claim for infringement or requires construction of the Copyright Act. *T.B. Harms*, 339 F.2d at 828. However, the bare claim of a right to publish, without more, does not give rise to an infringement action. In the absence of copying or reproducing a copyrighted work, there can be no infringement under the copyright laws. *Mazer v. Stein*, 347 U.S. 201, 218, 74 S.Ct. 460, 98 L.Ed. 630 (1954). Once again in the words of Judge Friendly, "Infringement, as used in the copyright law, does not include everything that may impair the value of the copyright; it is *doing* one or more of those things which ... [the Copyright Act] reserves exclusively to the copyright owner." *T.B. Harms*, 339 F.2d at 825 [emphasis added].

There appears no allegation that Ms. Katzman has ever attempted to publish her own version of the Moerenhout translation or to license, copy or duplicate Dr. Borden's version. Neither does she claim a right to statutory royalties for Dr. Borden's book. She conceeds that he is the true owner of the copyright to the translation. To date, she has not actually done anything which the Copyright Act reserves exclusively to Dr. Borden as the owner of the copyright. Rather, she has attempted to prevent Dr. Borden from enjoying the rights vested in him by virtue of his copyright ownership. However, "[t]he general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough" to invoke federal jurisdiction.

*Id.* at 828. Thus, if the district court properly exercised jurisdiction here, it must be because resolution of the dispute required a construction of the Copyright Act.

Section 106 of the Copyright Act confers upon a copyright holder the exclusive right, *inter alia*, to reproduce, distribute and publicly display the copyrighted work. The Act also gives a copyright owner the right to sell, vend, or in any other way, to transfer ownership of a copyright or of any of the exclusive rights comprised in a copyright. See 17 U.S.C. § 101 (1976) (defining "transfer of copyright ownership"); *Shapiro, Bernstein & Co. v. Bleeker*, 224 F.Supp. 595 (D.C.Cal.1963). It is clear, as the *T.B. Harms* case counsels, that a dispute over the terms or the enforcibility of a contract to transfer the exclusive rights comprised in a copyright is wholly a state law matter. Contract questions that depend upon common law or equitable principles belong in state court even if they involve copyrights. *Dolch v. United CA. Bank*, 702 F.2d 178 (9th Cir.1983).

■ The dispute between the parties here is over the ability of Dr. Borden to exercise and enjoy the rights granted to him as the owner of a copyright. Appellee sought and obtained a declaration that he may publish his translation of the Moerenhout book. Appellant claims that, because of the way in which he learned about the Moerenhout book and because of his understanding of the relationship between that book and *A Reason to Tarry*, Dr. Borden, in effect, entered an implied agreement of confidentiality with Ms. Katzman, an agreement which he breached when he attempted to publish his translation. We need not—indeed, we may not—comment upon the merits of appellant's claim. Whether or not Dr. Borden did, in fact, enter into a confidential relationship with Ms. Katzman, such that the exercise of his publication rights would breach a fiduciary duty created thereby, is a question that raises only state law issues which do not in any way require a construction of the Copyright Act.

For the foregoing reasons, the district court lacked subject matter jurisdiction to determine the dispute in this case. Moreover, since this action is not one "arising under" the Copyright Act of 1976, the district court's award of attorneys' fees pursuant to the provisions of the Act was improper. Accordingly, we REVERSE the decision of the district court, we VACATE the order granting appellee's declaratory judgment and award of attorneys' fees and we REMAND for dismissal of the cause for want of subject matter jurisdiction.