Margot MANKES, Through her natural parents and guardians, Cecile and Barry MANKES, Plaintiffs,

v.

BOY SCOUTS OF AMERICA, INC., Defendants.

No. 91–1283–CIV.

United States District Court, S.D. Florida.

June 21, 1991.

**410**

I. Mark Rubin, Miami, Fla., for plaintiffs.

Frank Allen Lane, Paul Henry Field, Miami, Fla., for defendants.

### FINAL ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court following a hearing on the plaintiff's motion for a temporary restraining order and preliminary injunction. The motion was filed with this Court on the afternoon of Tuesday, June 18, 1991, together with a complaint seeking declaratory relief and permanent injunctive relief. Due to the nature of the relief sought and the immediate attention that the facts of this case required, this Court set the hearing on the plaintiff's motion for 9:00 a.m. on Friday, June 21, 1991.

### I. FACTUAL BACKGROUND

This case is brought by an eight-year-old girl, Margot Mankes, through her parents, Cecile and Barry Mankes. They bring this action against the Boy Scouts of America because Margot has been denied membership and participation in Pack 350 and in the Scout Camp scheduled to commence on Monday, June 24, 1991. In this case, the plaintiff seeks: (1) a declaratory judgment finding that the defendant, Boy Scouts of America, is in violation of state and local law because females have been excluded from membership in the Boy Scouts in Dade County, Florida; and (2) injunctive relief requiring Boy Scouts of America to admit plaintiff Margot Mankes into the Boy Scout pack and Summer Camp administered by the South Florida Council.

Plaintiff alleges that this Court must intervene to prevent the irreparable harm that will result to her if she is not allowed to participate in the Scout Camp. Boys Scouts of America was founded in 1910 as a private, non-profit, volunteer organization with the primary goals of fostering in boys the responsibilities of citizenship, providing growth in normal character, and enhancing the development of physical, mental, and emotional fitness.

Plaintiff asserts that the Boy Scouts membership requirement, which restricts membership to boys, results in sex discrimination. Gender discrimination, as a rule, works to the benefit of one group and to the detriment of another. *United States v. Commonwealth of Virginia*, 766 F.Supp. 1407, 1425 (W.D.Va.1991). The issue of whether single-sex organizations or institutions are discriminatory is not new to the Court. Today, the Court must consider whether the Boy Scouts of America's method of achieving its goals is inherently dis-

criminatory against young girls. The Boy Scouts' goals to instill the ideals of leadership, self-confidence, and moral character are not new. These goals to ease transition of boys from youth to adulthood have remained constant, and were the basis for the Congressional charter as an organization for boys. It should be clear that the Court is not sending a message to plaintiff that she must settle for participation in Girl Scouts, but that there is nothing inherently discriminatory about the Boy Scouts' goals. The Boy Scouts did not, in creating its organization to help develop the moral character of young boys, intentionally set out to discriminate against girls.

## II. SUBJECT MATTER JURISDICTION

### A. DIVERSITY JURISDICTION

Plaintiff alleges that this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Diversity statute, 28 U.S.C. § 1332. Since the Declaratory Judgment Act does not provide an independent basis of jurisdiction, *Borden v. Katzman*, 881 F.2d 1035 (11th Cir. 1989), under the Diversity statute a plaintiff must allege that the parties are citizens of different states and that the amount in controversy exceeds $50,000. Moreover, there must be complete diversity. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ Plaintiff alleges that she is a Florida resident and that defendant Boy Scouts of America is domiciled in the District of Columbia. Beyond the technicality of not alleging "citizenship," plaintiff also fails entirely to allege an amount in controversy. Because plaintiff has failed to adequately allege jurisdiction, this action should be dismissed.

Even if plaintiff were to amend the complaint, it is not clear to this Court that she could do so in good faith. The damages to plaintiff that are alleged consist primarily of psychological harm resulting from expectations of attending the Scout Camp and denial of other privileges of membership in the Boy Scouts. Certainly the Boy Scouts have not created such expectations. Once the South Florida Council became aware that plaintiff had been admitted as a "member" of Pack 350, it refunded Margot's registration fee, stating that she was not allowed to be a member. Thus, this Court believes that any psychological harm to plaintiff is a result of the expectations created by her parents and not defendant. Thus, neither in form nor in substance has plaintiff alleged jurisdiction properly.

### B. INDISPENSABLE PARTY

■ Furthermore, defendant argues that plaintiff has failed to join an indispensable party, the South Florida Council, whose presence in this action would destroy diversity. Rule 19(a) of the Federal Rules of Civil Procedure defines those persons who should be joined as parties to the action. However, when joinder would deprive the court of jurisdiction, the court "shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ. Pro. 19(b). In determining who is an indispensable party, the court should consider the following factors: to what extent a judgment rendered in the person's absence might be prejudicial to that person of those already parties; the extent to which the prejudice may be avoided by the shaping of relief; whether a judgment rendered in the person's absence will be adequate; and whether the plaintiff will have an adequate remedy if the action is dismissed. *Id.*

The South Florida Council is chartered by the Boy Scouts, but it is a separate and independent corporate entity (a non-profit Florida corporation). The Council administers Pack 350 and sponsors and operates the Scout Camp, such that any injunction issued by this Court would have to be directed at the South Florida Council. An injunction against the Boy Scouts of America would not bind the local organization.

This Court finds that the South Florida Council is an indispensable party to this action. As such, this Court cannot proceed without joining the Council. Joinder of the

■■■■■■■■■■

Council, because it is a Florida corporation, would destroy diversity of citizenship and thus the jurisdiction of this Court. Thus, this Court lacks jurisdiction over this action.

### III. MOTION FOR TEMPORARY RE-STRAINING ORDER AND PRE-LIMINARY INJUNCTION

Plaintiff moves this Court to issue a temporary restraining order and preliminary injunction against the Boy Scouts. This Court need not reach the merits of this motion, however, because it lacks jurisdiction over the action.

Accordingly, after careful consideration of this matter, this Court

ORDERS and ADJUDGES that the above-styled case be DISMISSED for lack of subject matter jurisdiction.

DONE and ORDERED.