5 F.3d 1410
 1993 Copr.L.Dec. P 27,172, 28 U.S.P.Q.2d 1618
 Teresa Graham SULLIVAN a/k/a Teresa Graham; John Sullivan,
her husband, Plaintiffs-Appellants,
v.
NATURALIS, INC., a Florida Corporation; Gareth D.J.
Whitehead; Hattie Whitehead, his wife,
individually, Defendants-Appellees.
 No. 92-4748.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 1, 1993.
 
 Joel S. Perwin, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Jean S. Perwin, Law Offices of Jean Perwin, Miami, FL, for plaintiffs-appellants.
 Gregory A. Nelson, West Palm Beach, FL, for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before ANDERSON, Circuit Judge, DYER and PECK*, Senior Circuit Judges.
 ANDERSON, Circuit Judge:
 
 
 1
 John and Teresa Sullivan filed this lawsuit in the Southern District of Florida, alleging copyright infringement, breach of contract, and common law fraud and deceit. Federal subject matter jurisdiction was alleged under 28 U.S.C. Sec. 1338(a) and (b) and 15 U.S.C. Sec. 1121. Before discovery began, the district court granted the defendants' motion to dismiss the lawsuit for lack of subject matter jurisdiction. On appeal, the Sullivans argue that the district court erred in concluding that their claims did not "arise under" the Copyright Act. For the following reasons, we reverse the district court's dismissal and remand this case for further proceedings on the merits.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 2
 In September 1991 the Sullivans and the Whiteheads entered into a written agreement under which the Sullivans would develop two design concepts for the creation of two retail stores. According to the amended complaint, the Sullivans created a design concept for an earring store to be called the Lobes Gallery, and another concept for an ecological store to be called the Tree of Life; the Whiteheads paid for these services.[1] In November 1991 the Whiteheads told the Sullivans that they had decided not to use the Tree of Life concept, and asked them to create an alternative concept for the environmental store. The Sullivans then came up with the Naturalis concept. This concept, which the Sullivans contend was not covered by the prior written agreement, was developed and implemented into a store in Palm Beach, Florida. The complaint alleged compliance with all aspects of the Copyright Act, 17 U.S.C. Sec. 401, et seq., including registration; this allegation is not disputed. The complaint alleges that no written agreement was ever executed to cover the Naturalis concept. The Whiteheads paid $3,000 for the initial design work, but declined to enter into a written agreement or to complete payment until the store opened. The store opened in December 1991, incorporating the Sullivans' design concept, but no further payments were made.
 
 
 3
 The Sullivans filed a complaint in federal district court, alleging copyright infringement and requesting statutory remedies available under the Copyright Act, 17 U.S.C. Sec. 101 et seq. In the alternative, the Sullivans alleged breach of contract and requested contract damages. The defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the complaint alleged a simple breach of contract, and had not properly invoked the federal copyright laws. The district court granted the motion, holding that "the underlying issue in this dispute does not require any interpretation of the Copyright Act and is in fact a claim for breach of contract." This appeal followed.
 
 DISCUSSION
 28 U.S.C. Sec. 1338 provides:
 
 4
 Patents, plant variety protection, copyrights, mask works, trademarks, and unfair competition
 
 
 5
 (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
 
 
 6
 Federal courts have not extended federal subject matter jurisdiction to every lawsuit involving copyrighted material, however. In T.B. Harms Company v. Eliscu, 339 F.2d 823 (2d Cir.1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), Judge Friendly established the following standard for Sec. 1338 jurisdiction:
 
 
 7
 [A]n action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement ..., or asserts a claim requiring construction of the Act ..., or at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.
 
 
 8
 Id. at 828.[2] On appeal, the Sullivans argue that subject matter jurisdiction exists in this case because they seek remedies granted by the Copyright Act, and because adjudication of their claims necessarily requires construction of the Act. Specifically, they contend that because the parties entered into an oral or implied agreement concerning the transfer of the Sullivans' rights in the Naturalis concept, it will be necessary for the court to interpret Sec. 204(a) of the Copyright Act, which requires that such a transfer be in writing.[3]
 
 
 9
 Several courts have found federal subject matter jurisdiction to exist because application and interpretation of the Copyright Act would be necessary to resolve the plaintiff's claims. In Goodman v. Lee, 815 F.2d 1030 (5th Cir.1987), the plaintiff brought a declaratory action seeking to have the copyright registration of a popular song changed to reflect her co-authorship. The Fifth Circuit concluded that subject matter jurisdiction existed, because the case "clearly involve[d] the application and interpretation of the copyright ownership provisions of 17 U.S.C. Sec. 201(a)." Id. at 1031-1032.[4] In Topolos v. Caldewey, 698 F.2d 991 (9th Cir.1983), the Ninth Circuit held that even though ownership of a copyright was a threshold question, subject matter jurisdiction existed because the copyright infringement question "require[d] an examination of the works, extent of the copying involved, and an application of the Copyright Act." Id. at 994. In RX Data Corp. v. Dept. of Social Services, 684 F.2d 192 (2d Cir.1982), the Second Circuit held that subject matter jurisdiction existed because the question of title to the copyrights required interpretation of the "works made for hire" doctrine, and because the case involved a challenge to the "copyrightability of compilations of material in the public domain." Id. at 196 n. 1 and n. 2. See also MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d 1568 (Fed. Cir.1989) (subject matter jurisdiction existed because question of federal patent law presented); Dubost v. U.S. Patent and Trademark Office, 777 F.2d 1561 (Fed.Cir.1985) (same).
 
 
 10
 In Paragraph 8 of their First Amended Complaint, the Sullivans allege:
 
 
 11
 [A]t Defendants' oral request, the Plaintiffs presented to the Defendants a new name and design concept for a new Environmental store to be called "Naturalis." This third design concept was not covered by the prior written contract between the parties, and despite repeated requests, the Defendants declined to enter into a written contract for the third set of designs. Instead, the Defendants orally promised to pay the Plaintiffs $3,000.00 for the preliminary design work on the concept, and to pay upon the store's opening the balance due at a rate of $55.00 a [sic] hour for the Plaintiffs' time. No other terms were agreed to by the parties, and there was no discussion of the point at which the Plaintiffs' rights in their designs would transfer to the Defendants. The new concept was developed and implemented by the Plaintiffs under the oral agreement into a store on Worth Avenue in Palm Beach, using designs created by Plaintiffs.
 
 In Paragraph 10, the Sullivans allege:
 
 12
 No written contract was ever signed, despite a draft presented to the Defendants by the Plaintiffs, and despite reassurances to the Plaintiffs that the terms of the new agreement would be reduced to writing after the opening of the store. No written agreement for the transfer of rights in the designs for Naturalis was ever offered to the Plaintiffs by the Defendants ... [The defendants] are still using the Plaintiffs' copyrighted designs.
 
 
 13
 Accepting these allegations as true, it is clear that any transfer of the Sullivans' rights in their copyrighted material was oral.[5] It will be necessary for the district court to decide what the parties intended with respect to the ownership and use of the Sullivans' copyrighted material. Once the court discerns the parties' intentions, it will be required to interpret Sec. 204(a) of the Copyright Act to assess the validity of their actions. Thus, this case falls squarely into the second category of cases "arising under" the Copyright Act--those asserting a claim "requiring construction of the Act." Harms, 339 F.2d at 828.[6]
 
 CONCLUSION
 
 14
 For the foregoing reasons, the district court's dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is reversed. The case is remanded to the district court for further proceedings on the merits.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, was a member of the panel which heard oral argument but due to his death on September 7, 1993, did not participate in this decision. This case is decided by a quorum. See 28 U.S.C. Sec. 46(d)
 
 
 [1]
 Because the lawsuit was dismissed at the pleading stage, the plaintiffs' statement of facts found in their amended complaint will be accepted as true
 
 
 [2]
 This circuit adopted the Harms formulation in Borden v. Katzman, 881 F.2d 1035 (11th Cir.1989)
 
 
 [3]
 17 U.S.C. Sec. 204(a) provides:
 A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.
 
 
 [4]
 Section 201(a) provides:
 Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work.
 
 
 [5]
 The appellees argue that the Sullivans conferred a "non-exclusive license" to use their copyrighted works, and that non-exclusive licenses are excepted from Sec. 204(a)'s writing requirement. This argument goes to the merits of the dispute, which are not ripe for review at this point. The only pleadings in the record are the plaintiffs' complaint and amended complaint; the district court conducted no discovery before dismissing the case. Thus, we look only to the allegations contained in the complaint, which we accept as true
 The appellees also argue that the Sullivans conceded in their complaint that the Naturalis concept was governed by the written contract between the parties; the Sullivans dispute this reading of their complaint. Even if we accept the appellees' interpretation of the Sullivans' original complaint, we need not decide whether this language would estop the Sullivans from arguing otherwise. Before the case was dismissed, the Sullivans filed an amended complaint, which clearly alleges that the relevant agreement between the parties was oral, not written.
 
 
 [6]
 Because we conclude that resolution of this case will necessarily require application and construction of the Copyright Act, we need not address the Sullivans' alternative argument: that this case "arises under" the Copyright Act because the complaint seeks remedies expressly granted by the Act