**D AND R PARTY, LLC, Plaintiff,**

**v.**

**PARTY LAND, INC., Defendant.**

**No. CIV.A. 1:05–CV–2318–CAP.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 13, 2005.

James Francis Bogan, III, Michael Towle Hosmer, Kilpatrick Stockton, Atlanta, GA, for Plaintiff.

David Paul Thatcher, Jonathan E. Ganz, Chamberlain Hrdlicka White Williams & Martin, Atlanta, GA, for Defendant.

## ORDER

PANNELL, District Judge.

This matter is before the court on the plaintiff's motion to remand [Doc. No. 3].

*Factual Background*

On August 1, 1995, the plaintiff entered into a license agreement ("Agreement") with the defendant to operate a Party Land franchise specializing in the sale of party goods in Marietta, Georgia. The Agreement contains two noncompetition clauses. The first clause, Section 13.3(b) of the Agreement, prevents the plaintiff and its officers and employees from lending to, investing in, giving advice, or being employed by any competitive business within a 25 mile radius of the territory surrounding the retail store.[1] The second noncompetition clause, Section 13.3(c) of the Agreement, prevents the plaintiff from using or duplicating any knowledge, know-how, or expertise regarding the method and concept behind the retail party store.

Ten years after entering the Agreement, on August 1, 2005, the Agreement expired without extension. Upon expiration of the Agreement, the defendant wrote to the plaintiff and asked the plaintiff to provide the defendant with written assurances that the plaintiff intended to comply with its post-Agreement obligations, including the noncompetition clauses. In lieu of responding to the defendant's letter and because the plaintiff would like to operate a store selling customized party invitations at the same location, the plaintiff filed this suit in the Superior Court of Cobb County, Georgia. The plaintiff's lawsuit includes one count for declaratory and injunctive relief. Specifically, the plaintiff claims that the noncompetition clauses are invalid under Georgia law and asks the court to enter a declaratory judgment declaring the noncompetition clauses void and enjoining the defendant from enforcing the clauses. The complaint does request monetary damages or attorney's fees. On Septem-

---

1. The Agreement defines the term "Territory" as the four-mile radius from Providence Square, Marietta, Georgia.

ber 6, 2005, the defendant filed a timely notice of removal, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

## Legal Analysis

### A. Standard of Review for Removal Generally

Pursuant to the removal statute, 28 U.S.C. § 1441, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter.[2] In this case, the source of original jurisdiction is 28 U.S.C. § 1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different states." Thus, the court has subject matter jurisdiction over this action, and removal was proper only if the amount in controversy exceeds $75,000 and the parties are citizens of different states. It is undisputed that the parties are citizens of different states; therefore, the only question is whether the amount in controversy has been satisfied.

■ Because the plaintiff has not requested monetary damages in the complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where a plaintiff seeks declaratory or injunctive relief, as it does here, the removing defendant must prove that the value of injunctive or declaratory relief for amount in controversy purposes "is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the injunction were granted." *Id.* This monetary value must be measured solely from the plaintiff's perspective. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218 (11th Cir.1997). Subject matter jurisdiction does not exist, however, where any benefit the plaintiff could receive from injunctive relief is "too speculative and immeasurable to satisfy the amount in controversy requirement." *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 973 (11th Cir.2002).

### B. Discussion

■ The plaintiff moves this court to remand the case to state court for lack of subject matter jurisdiction. In support of its motion, the plaintiff asserts that its claims do not meet the $75,000 amount in controversy requirement for diversity jurisdiction purposes. The plaintiff argues that the value of the object of the litigation, declaratory and injunctive relief, does not exceed $75,000. The defendant, in contrast, claims any award of equitable relief to the plaintiff would impose costs on it exceeding $75,000.

When determining the amount in controversy, the court first looks to the complaint. As noted above, the plaintiff does not make a demand for any monetary damages in the complaint. Instead, the complaint seeks only injunctive and declaratory relief.

■ Next, the court looks to the notice of removal. The notice of removal alleges in a conclusory manner that "amount in controversy exceeds the sum of $75,000, exclusive of interest and costs" [Doc. No. 1 ¶ 2]. A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting

---

2. When determining whether the court has subject matter jurisdiction, the court must construe the removal statute narrowly and resolve any uncertainties in favor of removal. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

such an assertion, is insufficient. *See Williams,* 269 F.3d at 1319–20.

■ Finally, the court may consider post-removal evidence. Although the plaintiff suggests that the court is limited to the complaint and the notice of removal, the Eleventh Circuit has adopted a flexible approach under which district courts may, when necessary, consider post-removal evidence in assessing removal jurisdiction. *See Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir.2000). Under this approach, where the pleadings are inadequate, the court may review the record to find evidence that diversity jurisdiction exists. *See Williams,* 269 F.3d at 1319. The only post-removal evidence that has been submitted to the court is the affidavit of Todd Potter, the defendant's Executive Vice President, stating that the cost to the defendant if the defendant were forced to solicit and establish a new franchisee would be in excess of $117,800.

The Potter affidavit does not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. As noted above, the Eleventh Circuit has held that the value of the object of the litigation must be considered solely from the plaintiff's perspective and not from the defendant's perspective. *Ericsson,* 120 F.3d at 218. The Potter affidavit describes the damages the defendant would suffer if the noncompetition clauses were held invalid and the defendant was forced to develop a new business in Marietta. It does not describe the benefit to the plaintiff if the non-competition clauses are declared invalid.[3] The financial loss the defendant may suffer if the noncompetition clauses in the Agreement are declared invalid and the plaintiff is permitted to com-

pete against the defendant is irrelevant. What does matter is the value of the benefit that will flow to the plaintiff if declaratory or injunctive relief is granted.

Unfortunately, assessing the monetary value of the claims in this case from the plaintiff's perspective is problematic because that value appears highly speculative. It is unclear what income the plaintiff may succeed in generating if it is relieved of its non-compete obligation. The record is devoid of any evidence regarding the plaintiff's revenue history. Further complicating matters is the fact that the plaintiff allegedly desires to transform its Party Land franchise store into a customized party invitation store that "is very different from the Party Land 'Concept'" [Doc. No. 1, Ex. A ¶ 20]. Given the circumstances, it is highly uncertain as to how successful the plaintiff may be in its future business endeavors if it is permitted to compete against the defendant.

Based on the foregoing, the court concludes that the monetary benefit the plaintiff would receive if it was to prevail on its claims for declaratory and injunctive relief is too speculative and immeasurable to satisfy the amount in controversy requirement. *See Ericsson,* 120 F.3d at 221–22; *Leonard,* 279 F.3d at 973. The plaintiff's motion to remand [Doc. No. 3], therefore, is GRANTED to the extent that the plaintiff requests that this case be remanded to state court.

## C. *Attorney's Fees*

■ Having determined that this case should be remanded, the court next addresses the plaintiff's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), the court may require the re-

---

**3.** Throughout the defendant's brief, the defendant consistently argues that the amount in controversy should be considered from the defendant's perspective. For example, else-

where in the brief, the defendant states that the "pecuniary effect on Party Land exceeds the amount in controversy" [Doc. No. 4 at 5].

moving party to pay the plaintiff's just costs and actual expenses, including attorney's fees, incurred as a result of the removal. Any award of attorney's fees under this section is, however, completely discretionary. *Graham Commercial Realty, Inc. v. Shamsi,* 75 F.Supp.2d 1371, 1373 (N.D.Ga.1998). While the court finds that it lacks jurisdiction over this action and grants the plaintiff's motion to remand, the court does not find that attorney's fees and costs are warranted here. Thus, the plaintiff's motion to remand [Doc. No. 3] is DENIED to the extent that the plaintiff requests attorney's fees and costs.

### Conclusion

For the reasons discussed above, the court GRANTS the plaintiff's motion to remand [Doc. No. 3] to the extent that the motion requests that the court remand this action to state court. The court, however, DENIES the plaintiff's motion [Doc. No. 3] to the extent that the plaintiff requests its attorney's fees and costs incurred in filing the motion. The court REMANDS this action to the Superior Court of Cobb County, Georgia, where it was originally filed.