[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14401
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00193-ODE

JOSE SANTOS LOREDO MATA,

Plaintiff-Appellant,

versus

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
PAMELA G. HUTCHINGS,
Atlanta Field Office Director, United States Citizenship and
Immigration Services,
U.S. ATTORNEY GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 6, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jose Loredo Mata appeals the dismissal of his complaint, brought pursuant to 28 U.S.C. §§ 1331 (federal question statute), 1361 (mandamus); the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., and 28 U.S.C. § 2201 (declaratory relief), for lack of subject matter jurisdiction. On appeal, Mata argues that the district court erred by holding that it did not have jurisdiction over his action because he is merely seeking review of whether proper procedures were followed when his lawful permanent resident ("LPR") status was rescinded. After thorough review, we affirm.

We have jurisdiction over appeals from all final orders of the district courts within our geographic bounds. See 28 U.S.C. § 1291. We review a district court's dismissal of a case for lack of subject matter jurisdiction de novo. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." Id.

The APA does not independently confer subject matter jurisdiction, including any implied grant. See Califano v. Sanders, 430 U.S. 99, 107 (1977). Likewise, the Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing Skelly

Oil Co. v. Phillips Co., 339 U.S. 667 (1950)). The federal question statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers jurisdiction on federal courts to review agency action. Califano, 430 U.S. at 105. However, the APA expressly excepts review of its provisions where "statutes preclude judicial review." See 5 U.S.C. § 701(a)(1). The mandamus statute, 28 U.S.C. § 1361, provides that: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

APA, mandamus, and declaratory jurisdiction are precluded by the jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"). Under the INA, an order of removal may be reviewed only by a court of appeals after the filing of a petition for review. 8 U.S.C. § 1252(a)(5). Specifically, Section 1252(a)(5) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including . . . [28 U.S.C. § 1361] . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

3

8 U.S.C. § 1252(a)(5). Thus, an order of removal may be reviewed only by a court of appeals after the filing of a petition for review. Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). Section (g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Thus, 8 U.S.C. § 1252(b)(9) and (g) provides for judicial review of all issues arising from the proposed removal of an alien.

Mata's claim that the district court erred by dismissing his complaint for lack of subject-matter jurisdiction is therefore without merit. There is no dispute here that Mata is subject to a final order of removal. Because 8 U.S.C. § 1252 bars review of orders of removal in a district court, neither 28 U.S.C. § 1361 (the mandamus statute), 5 U.S.C. §§ 701 et seq. (APA), or 28 U.S.C. § 1331 (the federal question statute) provided a basis for district court jurisdiction over Mata's claims.

Mata attempts to evade the bars in 8 U.S.C. § 1252 by characterizing his claim as a challenge not to his removal, but rather to the INS's rescission decision. However, in substance, Mata's complaint seeks review of his order of removal. Among the relief sought by Mata in the instant complaint was the stay of his removal from the United States and the reopening of his removal proceedings. Mata seeks to litigate the issue of whether he received notice prior to the rescission of his LPR status, and, accordingly, whether he was appropriately found removable. If a court found in favor of Mata on this issue, the very essence of the BIA's decision in the prior case would be called into question. See 8 C.F.R. § 1.1(p) (providing that LPR status terminates upon the entry of a final order of removal). In short, to the extent that Mata wished to challenge his removal, the proper method was not the complaint he filed in district court.[1]

**AFFIRMED.**

---

[1] Mata relies heavily on the Second Circuit case, Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008), which held that a district court had jurisdiction to review whether an agency complied with its non-discretionary duty to adhere to proper rescission procedures prior to rescinding a grant of LPR status. Id. at 86-87. However, in Sharkey, no removal hearing had been held. See id. at 75-94. In a subsequent case dealing with the denial of an adjustment of status, the Second Circuit indicated that a district court's ability to review an APA challenge was proper, as in Sharkey, because once again "such a denial [was] unrelated to any removal action or proceeding." Ruiz v. Mukasey, 552 F.3d 269, 273-74 n.3 (2d Cir. 2009). Thus, while Mata is correct that there is a difference between a challenge to a removal proceeding and a challenge under the APA, the question here is whether 8 U.S.C. § 1252(a)(5), (b)(9), and (g) stripped the district court of jurisdiction under the mandamus statute and the APA once Mata's removal proceeding had been held and he had been found removable.