[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10653
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-23439-JLK

FRANCISCO ALONSO-ESCOBAR,

Petitioner-Appellant,

versus

USCIS FIELD OFFICE DIRECTOR MIAMI, FLORIDA,
U. S. ATTORNEY GENERAL,
DHS DEPARTMENT OF HOMELAND SECURITY,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 22, 2012)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Francisco Alonso-Escobar, a native and citizen of Cuba, appeals the district court's dismissal of his civil complaint for lack of subject matter jurisdiction.[1] No reversible error has been shown; we affirm.

Alonso-Escobar filed a complaint in district court against the District Director of the United States Citizenship and Immigration Services ("USCIS") Miami field office, the United States Attorney General, and the Secretary of the Department of Homeland Security ("DHS") (collectively, "Defendants"). Alonso-Escobar sought a court order requiring the USCIS to grant him parole into the United States so he could apply to adjust his immigration status under the Cuban Adjustment Act. The district court granted Defendants' motion to dismiss Alonso-Escobar's complaint, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.[2]

---

[1]Because Alonso-Escobar filed his notice of appeal before the district court denied his motion for reconsideration and failed to amend his notice of appeal to include the court's denial of that motion, our review is limited to the court's dismissal of Alonso-Escobar's complaint. See Fed.R.App.P. 4(a)(4)(B).

[2]We review de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

The Attorney General's decision to parole an alien into the United States is discretionary.[3] Immigration and Nationality Act ("INA") § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). And -- subject to limited exceptions not applicable to this appeal -- courts lack jurisdiction to review discretionary decisions or actions of the Attorney General or the Secretary of DHS. See INA § 242(a)(2)(B)(ii), (D), 8 U.S.C. § 1252(a)(2)(B)(ii), (D). Because Alonso-Escobar challenged Defendants' discretionary decision not to parole him into the United States, the district court properly dismissed his complaint for lack of subject matter jurisdiction.

Alonso-Escobar has also failed to demonstrate that jurisdiction was proper under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"), or the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). Mandamus jurisdiction is appropriate only when, among other things, the defendant owes a clear nondiscretionary duty to the plaintiff. Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004). Because Defendants' decision not to parole Alonso-Escobar was discretionary, the district court lacked jurisdiction under section 1361. In addition, neither the APA nor the DJA serves as an independent source of district court jurisdiction. See

---

[3]The Attorney General has delegated the discretion to grant parole to the Secretary of DHS or her designees, including USCIS employees. See 8 C.F.R. § 212.5(a).

Choctaw Mfg. Co., Inc. v. United States, 761 F.2d 609, 615 (11th Cir. 1985) (addressing section 10 of the APA, 5 U.S.C. § 702); Borden v. Katzman, 881 F.3d 1035, 1037 (11th Cir. 1989) (addressing the DJA).

AFFIRMED.