[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13377
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20651-FAM

SANTANA POUZA,
a.k.a. Santana Pouzo,

Plaintiff-Appellant,

versus

USCIS MIAMI,
DEPARTMENT OF HOMELAND SECURITY,
U.S. ATTORNEY GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 1, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Santana Pouza, a native and citizen of the Dominican Republic, appeals the dismissal of her complaint for lack of subject matter jurisdiction. Fed. R. Civ. P 12(b)(1). Pouza sought an order directing the Secretary of the Department of Homeland Security to grant her parole into the United States. We affirm.

The district court correctly dismissed Pouza's complaint. The decision whether to parole an alien into the United States rests within the discretion of the Secretary, 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a), and that discretionary decision is shielded from judicial review, 8 U.S.C. § 1252(a)(2)(B). The district court lacked authority to consider Pouza's complaint under the Mandamus Act, 28 U.S.C. § 1361, because the Secretary did not owe Pouza a "clear nondiscretionary duty." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004). And the district court could not review Pouza's complaint under either the Administrative Procedure Act, 5 U.S.C. § 706, or the Declaratory Judgment Act, 28 U.S.C. § 2201, because neither serves as an independent basis for subject-matter jurisdiction. See Choctaw Mfg. Co., Inc. v. United States, 761 F.2d 609, 615 (11th Cir. 1985) (addressing the Administrative Act); Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989) (addressing the Declaratory Judgment Act).

We **AFFIRM** the dismissal of Pouza's complaint.

2