FASTCASE, INC., Plaintiff,

v.

LAWRITER, LLC, doing business as Casemaker, Defendant.

**CIVIL ACTION FILE NUMBER 1:16–cv–327–TCB**

United States District Court, N.D. Georgia, Atlanta Division.

Signed 01/26/2017

---

Ajoshua Tropper, Robert G. Brazier, Steven G. Hall, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Atlanta, GA, for Plaintiff.

Joseph William Rohe, Kurt Matthew Rozelsky, Smith Moore Leatherwood LLP, Greenville, SC, for Defendant.

## ORDER

Timothy C. Batten, Sr., United States District Judge

This case comes before the Court on Plaintiff's motion for summary judgment [17].

## I. Background

Plaintiff Fastcase, Inc. and Defendant Lawriter, LLC are competitors in the market for legal research services. Each provides online access to searchable databases of public law, such as federal and state statutes, administrative rules and regulations, and judicial decisions. At issue in this lawsuit is the right to publish the Georgia Administrative Rules and Regulations (the "Georgia Regulations") for use by lawyers and law firms.

The Georgia Secretary of State (the "SOS") is statutorily obligated to "compile, index, and publish in print or electronically" the Georgia Regulations. O.C.G.A. § 50–13–7. The SOS has delegated that duty to Lawriter pursuant to a contract requiring Lawriter to "publish a compilation of the Georgia Administrative Rules and Regulation[s] hosted on a World Wide Web Site" that must include certain content and meet minimum specifications. [20–1] at 7. Lawriter contends that contract gives it exclusive rights to electronically publish the Georgia Regulations.

Fastcase's legal research database—which is available by subscription to lawyers and law firms and at no charge to members of the State Bar of Georgia—includes the Georgia Regulations. In December 2015, Lawriter's counsel sent a letter to Fastcase accusing Fastcase of violating Lawriter's legal rights by, *inter alia*, "offering fee-based services which include providing users with access to" electronic files incorporating the Georgia Regulations (defined in the letter as "Electronic Files"). [4–3]. Lawriter demanded that Fastcase either "(a) purchase from Lawriter a subscription to the Electronic Files; or (b) cease all use of the Electronic Files, including the offering of the Electronic Files to others." *Id.*

In February 2016, Fastcase filed this lawsuit, seeking a declaratory judgment

and permanent injunction preventing Lawriter from interfering with its publication of the Georgia Regulations. Lawriter initially asserted counterclaims against Fastcase, but it withdrew those counterclaims in April after making certain changes to its terms of use. Beginning on April 7, 2016, a user can view the Georgia Regulations on the official SOS website only after agreeing that (a) there exists a contract between the user and Lawriter; (b) the user will not copy, print, or download anything from the website other than for personal use; (c) the user will not sell or license anything obtained from the website; and (d) violations of the agreement by the user will cause Lawriter to suffer damages of at least $20,000. [21] at 4–5.

Fastcase subsequently moved for summary judgment, and one issue addressed in the parties' briefs is the existence *vel non* of federal subject-matter jurisdiction. Because the Court finds that issue dispositive and concludes that it lacks jurisdiction over this case, nothing in this Order should be construed as expressing an opinion on the merits of the parties' claims or defenses. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

## II. Analysis

■ As noted above, Fastcase filed this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. "[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008). Rather, "a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal ques-

tion." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989).

### A. Federal–Question Jurisdiction

■ Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Ordinarily, a case can be said to "arise under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dunlap v. G & L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004). But "in the context of a declaratory judgment action, ... [the] court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Stuart Weitzman*, 542 F.3d at 862 (internal punctuation omitted). The "inquiry is thus whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court." *Id.* (internal punctuation omitted).

■ It is undisputed that the only federal claims potentially implicated by Lawriter's threatened litigation are federal copyright claims. Lawriter, however, has never registered a copyright in the materials at issue. In the Eleventh Circuit, "the caselaw is clear that only those copyright holders that at least apply to register their copyrights may invoke the subject matter jurisdiction of the federal courts in an infringement suit." *Id.* at 863. The Eleventh Circuit has squarely held that where a copyright owner "could not sustain an infringement action in federal court, ... such a hypothetical coercive action cannot provide the district court with subject matter jurisdiction over [a] declaratory suit" filed by the would-be defendant in the coercive action. *Id.*

■ The fact that Lawriter continues to threaten legal action, including under the copyright laws, does not alter the ef-

fect of the Eleventh Circuit's decision in *Stuart Weitzman*. Nor is it reasonable to infer from those threats that "registration of its copyright is either already in progress or imminent," as Fastcase suggests. [25] at 4. The existence of subject-matter jurisdiction must be based on facts as they existed at the time this declaratory-judgment action was filed. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1259 (11th Cir. 2003). Jurisdiction over the instant case cannot be premised on speculation that intervening or forthcoming events might create federal-question jurisdiction where none ·existed at the time this lawsuit was filed.

## B. Diversity Jurisdiction

Federal district courts are also vested with original jurisdiction over any civil action between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs ...." 28 U.S.C. § 1332(a). There is no dispute that the parties are completely diverse,[1] and the jurisdictional inquiry thus focuses only on whether the amount in controversy is satisfied.

 Where, as here, "a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Stated differently, "the value of injunctive or declaratory relief for amount in controversy purposes 'is the monetary value of the object of the litigation that would flow to the plaintiff if the injunction were

granted.'" *D & R Party, LLC v. Party Land, Inc.*, 406 F.Supp.2d 1382,.1384 (N.D. Ga. 2005) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)). Only benefits that are "sufficiently measurable and certain" may be considered; the Court may not rely on speculation or conjecture to conclude that it has jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268–69 (11th Cir. 2000) (internal punctuation omitted).

 Ordinarily, a plaintiff's allegations regarding the amount in controversy are entitled to deference, and courts will dismiss for lack of jurisdiction only when it is shown to a "legal certainty" that the claim is really for less than the jurisdictional threshold. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Morrison*, 228 F.3d at 1268, 1272. But where a plaintiff brings a claim for declaratory judgment, "the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

 Fastcase attempts to carry this burden first by pointing out that it "has sold, or offered to sell, access to electronic databases including the Georgia Regulations with a cumulative value in excess of $75,000." [4] at ¶ 10. But the Georgia Regulations are just one component of Fast-

---

1. Fastcase, a corporation, is deemed to be a citizen of both Delaware (its state of incorporation) and Washington, D.C. (where it maintains its principal place of business). 28 U.S.C. § 1332(c); *see also* [4] at ¶ 7; [17–3] at ¶ 3. Lawriter is a limited liability company, and as such it is deemed to be a citizen of each state in which any of its members is a

citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). Lawriter's sole member— SSN Holdings, LLC—has two members of its own—Satish and Paresh Sheth. The Sheths are citizens of California, and so too, therefore, are SSN Holdings and Lawriter. [27] at ¶¶ 5–7.

case's database, and that is the only component at issue in this lawsuit. Therefore, any monetary value that Fastcase stands to gain from a judicial victory must be measured not by its total subscription revenue but rather by the incremental value of including access to the Georgia Regulations in those subscriptions. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) (evaluating the amount in controversy, in a lawsuit challenging rental-car companies' sale of insurance to customers, by reference to the specific "amounts of the allegedly fraudulent insurance charges," not the total amounts the plaintiffs had paid to rent vehicles from the defendants). Fastcase has not even attempted to quantify the value to it of continued access to the Georgia Regulations, and allegations about its cumulative subscription revenue for the database as a whole do not carry the day.

Fastcase also asserts in its reply brief that it updates its database daily and, in light of the April 2016 update to Lawriter's terms of service, faces exposure to damages of $20,000 per violation. [25] at 4–5. But this Court must look to the amount that was in controversy as of February 2016, when Fastcase filed this lawsuit. *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("[D]iversity jurisdiction is determined at the time of filing the complaint, or if the case has been removed, at the time of removal."). Moreover, neither the damages or other costs Fastcase may have to pay if its request for a declaratory judgment is denied, nor the annual value to Lawriter of its contract with the SOS, speaks to "the monetary value of the object of the litigation that would flow to [Fastcase] if the injunction were granted." *D & R Party*, 406 F.Supp.2d at 1384; *see also Ala. Power Co. v. Calhoun Power Co.*, No. 2:12–cv–3798–WMA, 2012 WL 6755061, at *3 (N.D. Ala. Dec. 28, 2012) ("[T]he Eleventh Circuit has held that the value of a declaratory action is judged by the value a plaintiff will receive if an injunction is granted, not if it is denied.").

 "[F]ederal courts are obligated to strictly construe the statutory grant of diversity jurisdiction." *Morrison*, 228 F.3d at 1268. In this case, there is nothing before the Court that would allow it to do anything other than speculate about the monetary value of the object of this litigation from Fastcase's perspective. *See Morrison*, 228 F.3d at 1268 (noting that the "liberal standard for jurisdictional pleading is not a license for conjecture"). Accordingly, Fastcase has failed to carry its burden of "proving by a preponderance of the evidence" that the amount-in-controversy requirement is satisfied. *McKinnon Motors*, 329 F.3d at 807.

### III. Conclusion

For the foregoing reasons, the Court dismisses this action without prejudice and denies as moot Plaintiff's motion for summary judgment [17]. The Clerk is directed to close this case.

IT IS SO ORDERED this 26th day of January, 2017.