[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12998

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-60237 CV-PAS

STUART WEITZMAN, LLC,

Plaintiff-Counter-
Defendant-Appellee,

versus

MICROCOMPUTER RESOURCES, INC.,

Defendant-Counter-
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2008)**

Before ANDERSON, HULL and SILER,* Circuit Judges.

ANDERSON, Circuit Judge:

_____

* Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Microcomputer Resources, Inc. ("MCR") appeals the district court's grant of summary judgment in favor of Stuart Weitzman, LLC ("Weitzman") in this declaratory judgment action, arguing both that the district court lacked subject matter jurisdiction, and that summary judgment was inappropriate due to the existence of genuine issues of material fact. We do not reach the merits of MCR's appeal because we conclude that the district court was without subject matter jurisdiction to entertain Weitzman's suit. Accordingly, we vacate the district court's order and remand this case with instructions to dismiss it for lack of subject matter jurisdiction.

## I. BACKGROUND

Weitzman is a designer, manufacturer, and seller of women's shoes and related fashion items. MCR is a company that provides computer software, software programming, and related services. Weitzman hired MCR in the 1990s to provide computer support and to design and create computer software. At first, MCR performed services on Weitzman's existing computer order management system, but eventually Weitzman engaged MCR to replace that system. MCR then created a new piece of order management software, modified Weitzman's existing order fulfillment software, and integrated the two systems, resulting in the piece of

custom software that is at issue in this case. Both parties agree that MCR owns

the copyright in this custom software, and both parties also agree that MCR has

never registered its copyright.

For years, the parties operated pursuant to an oral agreement without

incident, but eventually the relationship deteriorated. On December 6, 2005, MCR

sent a letter to Weitzman, asserting, among other things, that

> [Weitzman] is not entitled to the use or possession of MCR's
> source code, explicitly or impliedly. Weitzman has the right to use the
> software but it cannot be modified, changed or reverse engineered by
> anyone. MCR must agree and consent, in writing, to any changes in this
> regard.
> MCR retains and reserves 100% of the intellectual property rights
> to all software developed by MCR.

A few months later, Weitzman filed this suit in federal court pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§2201-2202, seeking a declaration that,

pursuant to 17 U.S.C. §117 of the United States Copyright Act, "Weitzman is the

rightful owner of a copy of custom computer software," and that the company may

therefore "use, maintain, and/or modify its custom computer software" without

infringing MCR's copyrights. (Compl. ¶19.)


## II. DISCUSSION

Turning to the jurisdictional issue, we first discuss the appropriate analysis

of jurisdiction in the context of a declaratory judgment action.  We then turn to jurisdiction of a copyright infringement claim.  Finally, we discuss whether completely preempted state law claims can provide jurisdiction.

A.  Jurisdiction Analysis in the Context of Declaratory Judgment

Of course, it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts.  See, e.g., Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S. Ct. 461, 463 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only.").  Rather, in the context of a declaratory judgment action, "the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question."  Hudson Ins. Co. v. Am. Elec. Corp., 957 F.2d 826, 828 (11th Cir. 1992).  "Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law."  Id.  Our inquiry is thus "whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court.  To do this, we must analyze the assumed coercive action by the declaratory judgment defendant."  Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir. 1987), abrogated on other grounds by King v. St.

4

Vincent's Hosp., 502 U.S. 215, 217, 112 S. Ct. 570, 572 (1991); see also 22A Am.

Jur. 2d Declaratory Judgments §202 (2003).  Federal question jurisdiction "exists

in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded

complaint which demonstrate that the defendant could file a coercive action

arising under federal law."  Household Bank, 320 F.3d at 1251 (emphasis added).[1]

In its complaint, Weitzman asserted that the district court possessed subject

matter jurisdiction because the action pertains to copyright and requires an

interpretation of 17 U.S.C. §117(a),[2] a provision of the Copyright Act.  On appeal,

_____

[1]  Because the parties are not diverse, we must determine whether the anticipated cause of
action presents a federal question or arises under the Copyright Act.  Furthermore, although
jurisdiction over federal questions is conferred by 28 U.S.C. §1331, and jurisdiction over
copyright cases is conferred separately by 28 U.S.C. §1338, we need not distinguish the two
sources of jurisdiction here because the only possible federal question suggested in this case
arises under the Copyright Act.

[2]  Section 117(a) reads as follows:

(a) Making of additional copy or adaptation by owner of copy. – Notwithstanding the
provisions of section 106, it is not an infringement for the owner of a copy of a
computer program to make or authorize the making of another copy or adaptation of
that computer program provided:

(1) that such a new copy or adaptation is created as an essential step
in the utilization of the computer program in conjunction with a
machine and that it is used in no other manner, or

(2) that such new copy or adaptation is for archival purposes only and
that all archival copies are destroyed in the event that continued
possession of the computer program should cease to be rightful.

17 U.S.C. §117(a).

5

Weitzman advances two types of coercive actions that MCR could bring that would potentially support federal subject matter jurisdiction. First, Weitzman argues that MCR could bring a copyright infringement suit. Second, Weitzman argues that MCR could bring state law claims for breach of contract or conversion that would be completely preempted by the Copyright Act. We address each type of claim in turn.

B.    Whether a Copyright Infringement Claim Can Provide Jurisdiction

The most logical reading of Weitzman's declaratory complaint, which seeks a declaration that Weitzman enjoys rights under §117(a) as an "owner of a copy of a computer program," suggests that Weitzman anticipates a copyright infringement suit by MCR. After all, §117(a) specifically defines conditions under which "it is not an <u>infringement</u>" to make a copy or adaptation of a computer program. §117(a) (emphasis added).

Normally, of course, the district court would certainly have subject matter jurisdiction over a copyright infringement claim. However, the Copyright Act makes clear that "no action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. §411(a) (noting also that an infringement action may be brought if application for a copyright has been made and denied).

6

"The consensus among federal appellate courts is that the provisions of 17 U.S.C. § 411(a) are jurisdictional." Walton v. United States, 80 Fed. Cl. 251, 260 (2008) (collecting cases). More importantly, this circuit has held that §411(a)'s "registration requirement is a jurisdictional prerequisite to an infringement suit." M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 & n.4 (11th Cir. 1990). Thus, although courts have split over whether it is enough to have applied for registration or whether registration must have been approved/denied before an infringement suit may be maintained, see Walton, 80 Fed. Cl. at 260; La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1197 (10th Cir. 2005), and although "a copyright exists the moment an original idea leaves the mind and finds expression in a tangible medium," La Resolana, 416 F.3d at 1198, the case law is clear that only those copyright holders that at least apply to register their copyrights may invoke the subject matter jurisdiction of the federal courts in an infringement suit, id. at 1199.

Because MCR has not applied for a copyright on the disputed software program, much less received one or been denied one, the district court would lack subject matter jurisdiction if MCR brought an infringement suit against Weitzman. Accordingly, because the Declaratory Judgment Act cannot, of itself, confer jurisdiction upon the federal courts, and because MCR could not sustain an

infringement action in federal court, we hold that such a hypothetical coercive

action cannot provide the district court with subject matter jurisdiction over

Weitzman's declaratory suit.[3]

C.    Whether Completely Preempted State Law Claims Can Provide
      Jurisdiction

Weitzman posits that in addition to a possible infringement claim, MCR

might bring state law causes of action that would be completely preempted by the

_____

[3] Weitzman points out that one district court reached a contrary conclusion, ruling in a brief memorandum opinion that even though a copyright holder could not bring a federal infringement action due to the fact that he had never registered the copyright, subject matter jurisdiction still existed for an alleged infringer to file a declaratory suit. Application Sci. & Tech., LLC v. Statmon Techs. Corp., No. 05 C 6864, 2006 WL 1430215, at *1 (N.D. Ill. Apr. 21, 2006). The court was apparently influenced by the fact that the copyright holder had filed a claim in state court for infringement. However, the court rejected the argument that it lacked jurisdiction because the copyright holder had not registered. The court said:

> But can a party accuse another of infringement and prevent the alleged infringer from seeking redress by failing to bring a coercive lawsuit? The answer is obviously "no"; that is a reason for permitting declaratory judgment actions. We think that answer pertains when the accuser seeks to prevent the alleged infringer from seeking redress by failing to register the copyright.

Id.
Other district courts, however, have staked out positions in line with our opinion today, noting that because registration is a jurisdictional requirement for an infringement action, a declaratory judgment suit seeking to establish "no infringement" cannot properly lie in federal court if the relevant copyright has not been registered. E.g., Optovue Corp. v. Carl Zeiss Meditec, Inc., No. C 07-2010 CW, 2007 WL 2406885, at *3-*4 (N.D. Cal. Aug. 20, 2007). The Optovue court explicitly distinguished Application Science by noting that the Optovue copyright holder had not filed an infringement suit. Id. at *4 ("[A]pprehension of infringement litigation is too remote to support a claim under the [D]eclaratory [J]udgment [A]ct."). Putting aside the abbreviated and questionable reasoning of Application Science, the instant case is distinguishable, just as Optovue was, in that no state court infringement action has been filed by the holder of the unregistered copyright.

Copyright Act, thus supporting federal subject matter jurisdiction. At the outset, we note that pursuant to the well-pleaded complaint rule, any state law claim brought by MCR would not support federal subject matter jurisdiction unless the claim is completely preempted, even if §117(a) provides an affirmative defense that arises under federal law, and even if federal law governs MCR's hypothetical state law claims pursuant to "ordinary preemption."[4]

Although our circuit has not decided whether the Copyright Act has such

---

[4] It is important to distinguish between "ordinary preemption" and "complete preemption" (also called "field preemption"). In the context of federal removal jurisdiction, we have explained the difference as follows:

> Preemption is the power of federal law to displace state law substantively. The federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called "ordinary preemption," providing a substantive defense to a state law action on the basis of federal law.
>    More specifically, ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint. Such a defense asserts that the state claims have been substantively displaced by federal law. However, a case may not be removed to federal court on the basis of a federal defense, including that of federal preemption.
>    Complete preemption, on the other hand, is a doctrine distinct from ordinary preemption. Rather than constituting a defense, it is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims. It looks beyond the complaint to determine if the suit is, in reality, "purely a creature of federal law," even if state law would provide a cause of action in the absence of the federal law. It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts.
>    . . . The Supreme Court has cautioned that complete preemption can be found only in statutes with "extraordinary" preemptive force.

Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352-53 (11th Cir. 2003) (internal citations and footnote omitted).

complete preemptive effect, four other circuits have held that at least some state law claims are preempted by the Copyright Act such that federal subject matter jurisdiction exists over the claim under the complete preemption doctrine. See Santa-Rosa v. Combo Records, 471 F.3d 224, 226-27 (1st Cir. 2006); Ritchie v. Williams, 395 F.3d 283, 285-87 (6th Cir. 2005); Briarpatch Ltd., L.P., v. Phoenix Pictures, Inc., 373 F.3d 296, 303-05 (2d Cir. 2004); Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 230-33 (4th Cir. 1993); see also Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1289-91, 1293-98 (11th Cir. 2004) (suggesting that the Copyright Act might have complete preemptive effect under some circumstances); Foley v. Luster, 249 F.3d 1281, 1287-88 (11th Cir. 2001) (same).[5]

In this case, we need not decide whether to follow our four sister circuits and hold that the Copyright Act has complete preemptive effect. Before explaining why we need not decide that in this case, a brief note describing

_____

[5] The cases applying the complete preemption doctrine ask (1) whether the particular work falls within the type of works protected by the Copyright Act under 17 U.S.C. §§102 and 103 (the subject matter requirement); and (2) whether the claim seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights of a copyright holder protected by 17 U.S.C. §106 (the general scope requirement). See Briarpatch, 373 F.3d at 305. In evaluating the second prong, courts ask whether the state law claim has "extra elements that make it qualitatively different from a copyright infringement claim." Id. Our Dunlap decision endorsed the two pronged test, 381 F.3d at 1293-94, and we first endorsed the "extra element" test in Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1549 (11th Cir. 1996); see Foley, 249 F.3d at 1285 (noting that Bateman adopted the test); see also Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1311-12 (11th Cir. 2001) (applying the test).

10

complete preemption is appropriate. The Supreme Court, in <u>Beneficial National Bank v. Anderson</u>, noted that complete preemption occurs when the preemptive force of the federal statute is "so powerful as to displace entirely any state cause of action." 539 U.S. 1, 7, 123 S. Ct. 2058, 2062 (2003) (quoting <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S. 1, 23-24, 103 S. Ct. 2841, 2853 (1983)). In holding that the National Bank Act had complete preemptive effect, the Court held:

> In actions against national banks for usury, these provisions supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant, as here, relies entirely on state law. Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank.

<u>Id.</u> at 11, 123 S. Ct. at 2064. Thus, if as Weitzman argues, the Copyright Act has complete preemptive effect, then the state law causes of action that Weitzman postulates are simply displaced, and substituted therefor would be the exclusive federal cause of action.

As we noted above, a logical reading of Weitzman's complaint suggests that it anticipates that the hypothetical coercive action that MCR could file would be a copyright infringement suit, or if a state law claim, would be a state law claim that sounds in the nature of an infringement action. Because of the nature of complete

11

preemption, as described above, if such a state law claim is completely preempted, the state law claim would be entirely displaced, and substituted therefor would be the equivalent federal claim – i.e., a copyright infringement claim. However, as we have held above, the district court would be required to dismiss such a federal copyright infringement claim for lack of jurisdiction. Because MCR has never applied for registration of its copyright, and because of the jurisdictional nature of §411, the district court would have no jurisdiction over such an infringement claim.

This panel's supplemental briefing instructions to the parties specifically noted the possibility that we would hold that such a copyright infringement claim would be barred in this manner, and specifically gave Weitzman an opportunity to identify some other hypothetical coercive cause of action that MCR could bring that would raise a federal question and provide federal question jurisdiction.[6]

---

[6] We note that this circuit has allowed injunctive relief to be sought prior to registration in one unusual circumstance. In Pacific & Southern Co. v. Duncan, 744 F.2d 1490, 1499 & n.17 (11th Cir. 1984), the copyright holder, a television station, registered its copyright, filed an infringement suit, and was awarded a rather small damage recovery. In the situation there involving an infringement of a registered work, a continuing series of original works created with predictable regularity, and a substantial likelihood of future infringements, the court held that an injunction against infringement of related future works was permissible even though the future works were of course not registered. Id. Notwithstanding their specific opportunity to identify any potential hypothetical coercive action that MCR might bring, Weitzman did not suggest an infringement action seeking only injunctive relief. Accordingly, we deem any such argument as having been abandoned. Moreover, the instant situation would not seem analogous to the Duncan case in any event.

12

In its supplemental briefing, Weitzman identified two possible hypothetical coercive actions that MCR could bring – i.e., a state law breach of contract claim and a state law conversion claim. Weitzman's supplemental briefing attempts to establish three propositions: first, that such state law claims would be completely preempted; second, that when such preemption thus displaces the state law claim, there would remain a federal claim arising under the Copyright Act; and third, that such federal claim would be a claim arising under the Copyright Act other than an infringement claim so as to avoid the jurisdictional bar of §411.

For purposes of this appeal, we can assume arguendo, but we expressly do not decide, that the two state law causes of action identified by Weitzman would be completely preempted and displaced by a federal cause of action arising under the Copyright Act. Similarly, we need not decide in the instant case whether in some other case there might be a federal cause of action arising under the Copyright Act which would both have complete preemptive force and also be sufficiently different in nature from an infringement suit so as to avoid the bar of §411.[7]

---

[7] However, we note that all of the circuit court decisions holding that the Copyright Act has complete preemptive effect have involved infringement claims or claims of ownership of a copyright. And we note that ownership of a copyright encompasses the exclusive rights set out in §106.

We need not decide whether in the abstract there might be such a copyright cause of action other than an infringement action because in this particular case we can be assured that the hypothetical coercive action by MCR that Weitzman's particular complaint anticipates is an action in the nature of an infringement action. We know this because Weitzman "seeks a declaratory judgment and related relief pursuant to 17 U.S.C. § 117 of the United States Copyright Act," (Compl. ¶3), and seeks a declaration that Weitzman is "the rightful owner of a copy of the computer software . . . pursuant to §117" and "is therefore authorized to use, maintain and/or modify said custom computer software" pursuant to §117 without constituting an infringement, (Compl. ¶19). In other words, the crux of Weitzman's complaint seeks to have the court declare Weitzman's rights pursuant to §117. However, the only rights provided for by §117 are in the nature of certain limited defenses to an infringement suit that accrue to an owner of a copy of a copyrighted computer program.[8] Because the only rights that Weitzman seeks to have declared are in the nature of defenses to an infringement suit, it follows that the only hypothetical coercive action by MCR that is contemplated by this particular complaint is a suit in the nature of an infringement suit. Thus, we know

---

[8] Section 117(a) provides: "[I]t is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program" under certain limited conditions.

14

that for this particular declaratory judgment complaint, any state law cause of action that would be displaced pursuant to the doctrine of complete preemption would be replaced by a federal copyright infringement action.

Of course, we have already held that the district court would not have subject matter jurisdiction over such an infringement action. Accordingly, the district court lacks subject matter jurisdiction over Weitzman's declaratory action, which merely seeks to establish an affirmative defense to such a hypothetical claim by MCR.

## III. CONCLUSION

For the foregoing reasons, the district court lacked subject matter jurisdiction over Weitzman's declaratory judgment action. Although we recognize that our holding may place alleged infringers of unregistered copyrights in an awkward position – i.e., they cannot seek a federal declaratory judgment to clear up whether their actions are infringing even though the copyright holder threatens future infringement litigation – we nonetheless are bound by the law of this circuit. We cannot overlook the jurisdictional nature of §411(a)'s registration requirement. Notwithstanding the unfortunate position of potential defendants who are accused of infringing an unregistered copyright, the law remains clear that

the Declaratory Judgment Act does not independently create subject matter jurisdiction, and federal courts are without jurisdiction to hear infringement claims unless the disputed copyright has been registered.[9]

Accordingly, we VACATE the district court's order and REMAND with instructions to dismiss this case for lack of subject matter jurisdiction.

VACATED and REMANDED.

---

[9] Although the issue is not before us, and we express no opinion thereon, it is of course possible that a party in the shoes of MCR would be estopped from claiming any infringement damages prior to its registration. Moreover, we note that a three-year statute of limitation serves to limit the recovery period for each distinct act of infringement, Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l, 533 F.3d 1287, 1320 n.39 (11th Cir. 2008), and furthermore, laches may provide an equitable defense even to timely filed infringement actions under extraordinary circumstances, id. at 1320-21.

Finally, declaratory relief in state courts may be possible. For example, the supplemental briefs in this appeal reveal strong arguments both for and against complete preemption. Of course, we express no opinion in this regard. We simply suggest that the plight of an alleged infringer may not be bad as Weitzman suggests in light of the possibilities mentioned here, and others that creative lawyers might suggest.