PRIORITY PAYMENT SYSTEMS, LLC, Cynergy Data, LLC, and Priority Holdings, LLC, Plaintiffs,

v.

SIGNAPAY, LTD, Signapay, LLC, Andres Ordoñez, Tom Bohan, Intrend Software Solutions, and Gustavo Simone, Defendants.

CIVIL ACTION NO. 1:15-cv-04140-AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed December 22, 2015

Barry Goheen, Nicholas Griffin Hill, Stephen Paul Cummings, King & Spalding, Christopher Scott Prince, Priority Payment Systems, for Plaintiff.

Andrew C. Matteson, Joseph C. Peake, III, Stout Kaiser Matteson Peake & Hendrick, LLC, Joel W. Reese, Katie Dolan-Galaviz, Tyler J. Bexley, Reese Gordon Marketos, LLP, for Defendant.

## AMENDED ORDER [1]

Amy Totenberg, United States District Judge

This case, filed in the Superior Court of Fulton County, Georgia on November 10, 2015, and removed to this Court on November 25, 2015, by Defendants SignaPay, Ltd., SignaPay, LLC, Andres Ordoñez, and Tom Bohan,[2] is before the Court on Plaintiffs' Response to this Court's December 1, 2015 Order and Request for Remand to Superior Court of Fulton County [Doc. 10], Defendant's Response in opposition to Plaintiffs' remand request, Plaintiffs' request for a hearing on their Motion for Interlocutory Injunction [Doc. 11], and the Parties' Responses [Docs. 20-22] to the Court's December 17, 2015 Order requiring the Parties to confer on the terms of a Status Quo Order pending this Court's jurisdictional determination and ruling on Plaintiffs' injunction motion.

## I. JURISDICTION

According to Plaintiffs' Complaint, Defendants Ordoñez, Bohan, and Simone were previously employed with Priority Payment Systems and are now employed with Defendant SignaPay where they have "either attempted to misappropriate or have improperly accessed" Priority Payment Systems's computer software merchant management systems, source code, and other information that constitutes Plaintiffs' confidential trade secrets, "in an effort to develop a competing system for SignaPay." (Compl. ¶ 2, Doc. 1-1.) Plaintiffs' Complaint asserts state law claims for (1) violation of the Georgia Trade Secrets Act; (2) violation of the Georgia Computer Systems Protection Act; (3) breach of contract; and (4) tortious interference with business relationship and/or contract.

Although Plaintiffs assert exclusively state law claims against Defendants, Defendants removed the case to this Court on the basis that Plaintiffs' Georgia Computer Systems Protection Act claim is preempted by the Federal Copyright Act, which provides for exclusive jurisdiction in federal courts. In response, Plaintiffs ask this Court to remand this case back to the Superior Court for Fulton County because

---

1. This Order amends the Court's prior Order of December 21, 2015, for the purpose of correcting a scrivener's error on page 13 of the original Order, by inserting the word "not" (shown in bold) that was mistakenly omitted from the following sentence: As to the third element, courts have held that a claim that requires intent, does **not** add an extra element that makes the state law claim qualitatively different from a copyright claim. *Id."*

2. As Defendants Intrend Software Solutions and Gustav Simone had not yet been served with the Complaint and thus were not parties to the Notice of Removal. (*See* Doc. 1 at 7.)

(1) Plaintiffs' Complaint "lacks any allegation that the misappropriated materials were federally copyrighted, such · that Plaintiffs could even maintain a claim for copyright infringement," and (2) their claim under the Georgia Computer Systems Protection Act, on which removal is based, is qualitatively different than a copyright infringement claim.

 Complete preemption "is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims. It looks beyond the complaint to determine if the suit is, in reality, 'purely a creature of federal law,' even if state law would provide a cause of action in the absence of the federal law. It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 864 n. 4 (11th Cir.2008); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352–53 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir.1999). Complete preemption occurs when the preemptive force of the federal statute is "so powerful as to displace entirely any state cause of action." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 7, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23–24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Because of the nature of complete preemption, if a state law claim is completely preempted, it "would be entirely displaced, and substituted therefor would be the equivalent federal claim—i.e., a copyright infringement claim." *Stuart Weitzman*, 542 F.3d at 865. And "[b]ecause they are recast as federal claims, state law

claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal." *Blab T.V.*, 182 F.3d at 854 (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir.1998).

 The Supreme Court has cautioned that complete preemption can be found only in statutes with "extraordinary" preemptive force. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352–53 (11th Cir.2003). Both sides acknowledge that the Eleventh Circuit has not yet decided whether the Copyright Act completely preempts equivalent state law claims and provides for exclusive jurisdiction in federal courts. *See Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 864 (11th Cir.2008); *see also Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1289–91, 1293–98 (11th Cir. 2004) (suggesting that the Copyright Act might have complete preemptive effect under some circumstances); *Foley v. Luster*, 249 F.3d 1281, 1287–88 (11th Cir.2001) (same). The Supreme Court has found that complete preemption applies where a statute "provide[s] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (finding complete preemption applies to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq*).

Plaintiffs assert that because the Eleventh Circuit has not yet ruled on Defendant's preemption argument, "[t]here is no

reason for this Court to adopt a theory that would expand federal jurisdiction in the absence of a clear directive from this Circuit's Court of Appeals." (Doc. 10 at 5-6.) However, district courts are often faced with deciding issues that have not been reached by the appellate courts. If Plaintiffs' position had any merit, the Court's hands would be tied from doing anything but ruling in Plaintiffs' favor without any justification despite the lack of a decision by the Eleventh Circuit finding that there is no preemption under these circumstances. In fact, the Eleventh Circuit has provided some guidance on how it might deal with the question if it were to be squarely presented to the court. *Dunlap v. G & L Holding Grp., Inc.*, 381 F.3d 1285, 1293 (11th Cir.2004); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir.1996).

In *Dunlap*, the Eleventh Circuit considered whether "a state-law claim for conversion of an idea, the expression of which merges with the idea, is completely preempted by the Copyright Act, thereby vesting the trial court with federal removal jurisdiction." 381 F.3d at 1293. In its analysis, the court recognized the preemptive force of the Copyright Act from the express text of the statute:

> Section 301(a) of the Copyright Act dictates that the following state-law claims are preempted:
>
> > [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.
>
> 17 U.S.C. § 301(a). We have held that this language sets up a two-part test for determining when a state-law claim is preempted: first, "[w]e must decide whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103"; and second, we must determine "whether the rights at issue are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir.1983).

*Id.* at 1293–94. However, because Section 102(b) of the Copyright Act excludes certain things, including "ideas," from the subject matter of copyright and thus copyright protection, the *Dunlap* Court held that a claim for "conversion of his ideas—even original ideas expressed in a tangible medium—is not preempted by the Copyright Act." *Id.* at 1294–1297. Thus, if a claim relates to something that falls within the "subject matter of copyright" as defined in Section 102(a) of the Act, it appears that the Eleventh Circuit would find the first step of the complete preemption analysis to be satisfied. *See id.*

Similarly, in *Bateman*, the Eleventh Circuit acknowledged the preemptive effect of the Copyright Act:

> Given the backdrop of federal preemption pursuant to section 301 of the Copyright Act, we must carefully review this state law claim to ascertain whether it requires an "extra element" for recovery, for "[a] state law claim is not preempted if the 'extra element' changes 'the nature of the action so that it is *qualitatively* different from a copyright infringement claim.'" in [*Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir.1992)] (quoting *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)). As a general matter, state law trade secret statutes have been deemed not to be

preempted because the plaintiff must prove the existence and breach of a confidential relationship in order to prevail. As the court in *Altai* stated, "[t]he defendant's breach of duty is the gravamen of such trade secret claims, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying." *Id.* at 717.

79 F.3d at 1549. But as to the plaintiff's claim in *Bateman*, a state law trade secret claim predicated upon the existence of an implied confidential relationship, the court noted, "We are wary of any trade secret claim predicated on the existence of an 'implied' confidential relationship, because we are aware that artful pleading and presentation of evidence seemingly may create a pendent state law claim that in actuality is nothing more than a dressed up version of a copyright infringement claim." *Id.* Thus, if a state law claim is equivalent to a copyright claim and the state law claim does not require an "extra element" for recovery that is qualitatively different, it appears that the Eleventh Circuit would find such a claim is preempted by the Copyright Act. *See id.*

Plaintiffs further assert that the Eleventh Circuit held that even if it were to recognize the complete preemption theory of jurisdiction under the Copyright Act, the doctrine could not apply to claims involving unregistered copyrights.[3] (*Id.* at 9

(citing *See Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 865 (11th Cir.2008).) Plaintiffs' argument is based on a misreading of the Eleventh Circuit's decision in *Stuart Weitzman*, in which the court assumed *arguendo* (without expressly deciding) for purposes of the appeal before it that the purported state law causes of action "*would be completely preempted* and displaced by a federal cause of action arising under the Copyright Act." 542 F.3d at 866 (emphasis added) (declining to decide whether in some other case there might be a federal cause of action arising under the Copyright Act which would both have complete preemptive force and also be sufficiently different in nature from an infringement suit so as to avoid the bar of § 411" requiring registration of the copyright prior to filing suit).

As Defendants note, nearly every other circuit to address the issue has held that at least some state law claims are preempted by the Copyright Act such that federal subject matter jurisdiction exists under the complete preemption doctrine. Indeed, no Circuit Court to consider this issue has flatly rejected the Copyright Act's potential preemption of state law claims, though some circuits, as referenced below, have found that certain state law claims under the facts presented were not preempted. *See Ray v. ESPN, Inc.*, 783 F.3d 1140, 1142 (8th Cir.2015) (finding that pro-wrestlers claims for invasion of privacy, misappropriation of name, infringement of the right of publicity, and interference with

---

**3.** Despite the court's intimation in *Stuart Weitzman* that the failure to register a copyright would deprive the court of jurisdiction over a copyright claim, the Supreme Court held in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010), that the Copyright Act's registration requirement is not jurisdictional, but it is a precondition to filing a copyright infringe-

ment claim. Thus, if Plaintiffs have not applied for registration with the Copyright office, as their briefs would indicate, their claim might be subject to dismissal on a proper motion by Defendants. However, under these circumstances, the Court would permit Plaintiffs to refile once they receive their certificate of registration.

prospective economic advantage as a result of ESPN's re-telecasting of his filmed performances were preempted by Copyright Act); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir.2012) (holding that "Section 301(a) of the Copyright Act completely preempts the substantive field," noting that the "real jurisdictional dispute in this case is whether the Copyright Act preempts any of GlobeRanger's claims," and finding that conversion claim was preempted); *Santa–Rosa v. Combo Records*, 471 F.3d 224, 226–27 (1st Cir. 2006) (finding that singer's claim for contract rescission was preempted by § 301(a) of the Copyright Act because the request for rescission required court to determine his ownership rights by reference to the Copyright Act); *Ritchie v. Williams*, 395 F.3d 283, 285–87 (6th Cir.2005) (finding breach of contract and tort claims for unjust enrichment, misrepresentation, conversion, and injunctive relief against further misappropriation of income derived from the songs were preempted by Copyright Act); *Briarpatch Ltd., L.P., v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303–05 (2d Cir.2004) (holding that state law claim for unjust enrichment against movie producer were preempted by Copyright Act, but claims involving breach of fiduciary duty were not preempted because the underlying right at issue was right to redress violations of the duty owed to a partnership by those who controlled it; claims were qualitatively different from a claim of copyright infringement); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230–33 (4th Cir.1993) (holding that state Computer Crimes Act claim brought by plaintiff against its former employees, alleged to have acted under the direction of Arete, breached secure areas on plaintiff's property, accessed plaintiff's computer system, and procured copies of computer program

and other proprietary works, was preempted by Copyright Act); *Ehat v. Tanner*, 780 F.2d 876, 877 (10th Cir.1985) (state common law claims for unfair competition and unjust enrichment were subject to preemption under Copyright Act); *but see Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 Fed.Appx. 80, 82 (3d Cir.2006) (rejecting the application of preemption to a claim for violation of state Open Public Records Act because "[f]ederal copyright law does not create an exclusive cause of action for access to public records and does not set forth procedures and remedies governing such actions").

■ This Court agrees with the reasoning of the Fourth Circuit and others, that the "grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law." *Rosciszewski*, 1 F.3d at 232; 17 U.S.C.A. § 301(a) (stating that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title"); 28 U.S.C.A. § 1338(a) (providing for exclusive jurisdiction over copyright claims to the district courts).

■ Plaintiffs acknowledge that the test most courts use to determine whether particular state law claims are equivalent and therefore preempted by the Copyright Act, analyze the following:

(1) whether the particular work falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 (the subject matter requirement); and (2) whether the claim seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights of a copyright holder protected by 17 U.S.C. § 106 (the general scope requirement). In evaluating the second prong, courts ask whether the state law claim has "extra elements that make it qualitatively different from a copyright infringement claim."

*Stuart Weitzman,* 542 F.3d at 864, n. 5 (citations omitted). Although they do not directly dispute it, Plaintiffs assert that "it is not at all clear that" Plaintiffs' computer software systems and source code "fall[ ] within the type of works protected by the Copyright Act." (Doc. 10 (noting that Defendants rely on a nearly three-decade old opinion—*Digital Comms. Assocs., Inc. v. Softklone Dist. Corp.,* 659 F.Supp. 449, 454 (N.D.Ga.1987)—in which it was held that a computer program is subject to copyright protection).) However, Plaintiffs' own Complaint alleges that Defendant Ordoñez, in his Separation Agreement:

> agreed that "any work that he created or helped create at the request of the Company, including the Company's *'VI-MAS' system and any [and] all related source code* and object code associated therewith, training materials, sales materials, compensation systems, commission systems, *merchant management systems,* payment gateways, and any and all other written and visual works, *are works* made for hire, *of which the [Plaintiff] Company owns the copyright.*

(Compl. ¶ 102, Doc. 5.) (emphasis added). And several courts have held that comput-

er programs are entitled to copyright protection. *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 400 (5th Cir.2000); *Rosciszewski,* 1 F.3d at 229 (noting that the parties do not dispute that computer programs, like the one at issue here, are within the subject matter of copyright because they are "original works of authorship fixed in [a] tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device"); *see also Bateman,* 79 F.3d 1532 (discussing intricacies of copyright protection for computer program and codes). Accordingly, the Court finds that Plaintiffs' claim based on allegations that Defendants acquired and appropriated their computer program source code falls within the subject matter of copyright in satisfaction of the first prong of the preemption analysis.

■ Turning to the second prong—whether Plaintiffs' GCSPA claim has "extra elements that make it qualitatively different from a copyright infringement claim"—the Court again agrees with the Fourth Circuit in *Rosciszewski,* which held that a similar claim under a nearly identical statute was preempted by the Copyright Act. 1 F.3d at 230. The elements of a claim under Virginia's Computer Crimes Act are: (1) that the defendant "use[d] a computer or computer network;" (2) "without authority;" and (3) "with the intent to . . . [o]btain property or services by false pretenses; . . . [e]mbezzle or commit larceny; or . . . [c]onvert the property of another." Va. Code Ann. § 18.2–152.3; *see also id.* § 18.2–152.12(A) (providing a civil cause of action for damages to one injured as a result of a violation of the Act). The elements of a claim for civil relief for computer theft under Georgia's Act, O.C.G.A. § 16–9–93(a) are: (a) the "use[ ] of a com-

puter or computer network"; (2) "with knowledge that such use is without authority," and (3) "with the intention of": (1) "Taking or appropriating any property of another, whether or not with the intention of depriving the owner of possession"; (2) "Obtaining property by any deceitful means or artful practice"; or (3) "Converting property to such person's use in violation of an agreement or other known legal obligation to make a specified application or disposition of such property." O.C.G.A. § 16–9–93(a)&(g).

The Fourth Circuit in *Rosciszewski* found that the plaintiff's claim did not require proof of elements beyond those necessary to prove copyright infringement of a computer program that make the claim qualitatively different from a copyright infringement claim because "the core of both causes of action ... is the unauthorized copying of a computer program." 1 F.3d at 230. "That the first element of the [statute] requires use of a computer does not qualitatively change the nature of the claim from that of unauthorized copying because, in the context of Rosciszewski's claim, use of the computer is "a necessary condition to [the] copying." *Id.* (quoting 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B], at 1–14 n. 62 (1992). Nor does the second element of the violation, requiring that use of the computer be "without authority," add a qualitatively different element. *Id.* (noting that the "Virginia Computer Crimes Act specifies that '[a] person is 'without authority' when he has no right or permission of the owner to use a computer, or, he uses a computer in a manner exceeding such right or permission.'"). As to the third element, courts have held that a claim that requires intent, does **not** add an extra element that makes the state law claim qualitatively different from a copyright claim. *Id.* ("An action will not be saved from preemption by elements such as awareness or intent, which alter 'the action's scope but not its nature.'"); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir.2004) ("Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different."). Ultimately, the Fourth Circuit held that "the protection of computer programs from unauthorized copying granted under [the Virginia Computer Crimes Act] is equivalent to the exclusive right of the copyright owner to reproduce a copyrighted work under the Copyright Act" such that the claim was preempted to the extent that it is based on reproduction of the copyrighted computer program. *Rosciszewski*, 1 F.3d at 230.

■■■ Accordingly, because Plaintiffs' claim under the GCSPA act for the unauthorized access and appropriation of information from Plaintiffs' computer system, including its proprietary source code, is equivalent to the exclusive rights protected by the Copyright Act, this Court finds the claim is completely preempted by the Copyright Act. Plaintiffs' Complaint was therefore properly removable under the complete preemption doctrine. *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir.1999) ("Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal."). The Court will exercise supplemental jurisdiction over Plaintiffs' remaining state law claims for violation of the Georgia Trade Secrets Act, breach of contract, and tortious interference with business relationship and/or contract.

## II. PLAINTIFFS' REQUEST FOR HEARING ON MOTION FOR INTERLOCUTORY INJUNCTION

Having found that federal subject matter over Plaintiffs' claims exists, Plaintiffs'

request for a hearing on their Motion for Interlocutory Injunction is **GRANTED**. This Court will conduct a hearing on Plaintiffs' Motion on January 11, 2015 at 10:30 AM in Courtroom 2308 of the United States Courthouse, 75 Ted Turner Drive, NW, Atlanta Georgia 30303.

**IT IS SO ORDERED** this 22nd day of December, 2015.