[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15080
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00425-JIC-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL KNOWLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 23, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Samuel Knowles, proceeding pro se, seeks to challenge the district court's

dismissal of his "independent action" for declaratory judgment, brought pursuant

to 28 U.S.C. § 2201, which sought to vacate for lack of jurisdiction his 2008

conviction and 420-month sentence for conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine. In the direct appeal of the underlying 2008 criminal action, we rejected Knowles's argument that his 2006 extradition from the Bahamas to the United States was contrary to the Extradition Treaty. United States v. Knowles, 390 F. App'x 915, 927-29 (11th Cir. 2010). Thereafter, in 2011, the district court denied Knowles's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, raising various ineffective-assistance-of-counsel claims. In 2016, Knowles filed the instant pro se declaratory judgment action, arguing that the district court, in his earlier criminal case, lacked personal jurisdiction over him because his extradition to the United States from the Bahamas contravened international law and the Constitution. The district court concluded that it lacked jurisdiction over Knowles' instant declaratory judgment action and dismissed it. On appeal, Knowles again argues that the district court lacked personal jurisdiction over him in the criminal case because he was improperly extradited to the United States. After thorough review, we affirm.

We review de novo questions concerning the jurisdiction of the district court. United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998).

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act does not itself confer jurisdiction upon federal courts. Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859, 861-62 (11th Cir. 2008). Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003) (quotation omitted). Thus, in the context of a declaratory judgment action, we must determine "whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court." Stuart Weitzman, 542 F.3d at 862 (quotation omitted).

Collateral attacks on the legality of a federal sentence typically must be brought under 28 U.S.C. § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act or 1996 ("AEDPA"), a prisoner who previously filed a § 2255 motion must apply for and obtain authorization from a court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without this prior authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

The extradition process is a means by which the United States obtains personal jurisdiction over a defendant. United States v. Isaac Marquez, 594 F.3d

3

855, 858 (11th Cir. 2010). A defendant can waive a challenge to the court's exercise of personal jurisdiction, but he cannot waive objections to subject matter jurisdiction. See id. at 858 n.4.

Here, the district court correctly determined that it lacked jurisdiction to entertain Knowles's declaratory judgment action. Knowles styled this action as one brought pursuant to § 2201, but § 2201 does not confer jurisdiction on a federal court. See Stuart Weitzman, 542 F.3d at 861-62. Moreover, there is no other avenue for Knowles to have brought this case in federal court. While Knowles asserts that he is not seeking to challenge his conviction, in his pleadings before the district court, he specifically requested that the court issue a judgment vacating his convictions and sentences. Accordingly, he is, in fact, challenging his conviction and sentence based on the trial court's alleged lack of personal jurisdiction. Although a federal prisoner may attack his conviction through a § 2255 motion, Knowles has already filed a § 2255 motion, so he needed to obtain permission from this Court to file a new motion. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Because Knowles did not receive permission from this Court to file a successive § 2255 motion, the district court lacked jurisdiction to consider his challenge through § 2255. See Holt, 417 F.3d at 1175.

As for Knowles's argument that we still may address his claim because he is asserting a lack of jurisdiction, it is without merit. We have recognized that a

4

defendant cannot waive a challenge to subject matter jurisdiction.  See Isaac Marquez, 594 at 858 n.4.  However, Knowles's jurisdictional claim is a challenge to personal jurisdiction, since it is centered on his extradition.  See id. at 858.  Objections to personal jurisdiction can be waived.  Id. at 858 n.4.  Accordingly, Knowles cannot rely on an alleged lack of personal jurisdiction in the underlying criminal suit to assert that the district court had jurisdiction over this declaratory judgment action.

**AFFIRMED**.