[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15068
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-23440-UU

HECTOR ORLANSKY,

Petitioner-Appellant,

versus

FCI MIAMI WARDEN,
U.S. BUREAU OF PRISONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 5, 2018)

Before TJOFLAT, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Hector Orlansky, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his action, which the district court construed as a 28 U.S.C. § 2241 petition, seeking relief from the decision of the Bureau of Prisons ("BOP") denying his request for compassionate release.  He argues that the district court erred in construing his complaint as a § 2241 petition because he also sought a declaration pursuant to 28 U.S.C. § 2201 that he was eligible to be considered for compassionate release due to his age and physical health.  Because the district court correctly concluded that Orlansky was not entitled to habeas relief and lacked jurisdiction to grant the declaratory relief that Orlansky sought, the court did not err in dismissing his petition.  We thus affirm the district court.

## I.

After Orlansky was convicted of various federal offenses, including conspiracy to commit bank and wire fraud and conspiracy to commit money laundering, he was sentenced to 240 months' imprisonment.  While serving his sentence, Orlansky asked the BOP to grant him compassionate release because he was 71 years old and suffering from a variety of medical problems.  At the time Orlansky made his request, he had served 122 months of his sentence.  Orlansky claimed that he was eligible for compassionate release pursuant to a policy statement from the Sentencing Commission that an inmate was eligible for compassionate release if he was at least 65 years old; experienced a serious

2

deterioration in physical or mental health because of aging; and had served at least 10 years or 75 percent of his term of imprisonment, whichever was less. *See* U.S.S.G. § 1B1.13 cmt. n.1(B). The BOP denied Orlansky's request, explaining that he did not meet the BOP's requirements for compassionate release because he had not served the greater of 10 years of his sentence or 75 percent of the term of imprisonment. *See* BOP Program Statement 5050.49(4)(c).

Orlansky then filed this action in federal court. In the first count of his complaint, Orlansky sought a declaration that he was eligible for compassionate release. In the second count, he sought habeas relief under 28 U.S.C. § 2241, claiming that the BOP's determination that he was ineligible for compassionate release was arbitrary and nonsensical.

A magistrate judge *sua sponte* issued a recommendation that Orlansky's action be dismissed for lack of jurisdiction. As an initial matter, the magistrate judge construed his complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because Orlansky was challenging the execution of his sentence. The magistrate judge concluded that the court lacked subject matter jurisdiction because, among other reasons, the court could reduce his sentence only if the BOP filed a motion seeking such a reduction, and no motion had been filed in the case. Orlansky objected to the recommendation, asserting that he was not asking the court to reduce his sentence by granting him compassionate release but only to

3

declare him eligible for compassionate release.  He emphasized that the crux of his complaint was that the BOP was using the wrong standard to determine whether he was eligible for compassionate release.

The district court, after performing a *de novo* review, adopted the magistrate judge's recommendation that the petition be dismissed because the court lacked subject matter jurisdiction.  The court explained that absent a motion from the Director of the BOP, it could not modify or otherwise order the BOP to grant Orlansky's request for compassionate release.

Orlansky filed a motion for reconsideration again explaining that he was seeking a declaratory judgment that he was eligible for compassionate release, rather than an order requiring the BOP to grant him compassionate release.  The district court denied Orlansky's motion for reconsideration because he failed to present any change in controlling law or new evidence and thus could not demonstrate the need to correct any error or manifest injustice.  This is Orlansky's appeal.

## II.

We review *de novo* the district court's determination that habeas relief was unavailable under § 2241.  *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.4 (11th Cir. 2003).  We also review *de novo* the district court's determination that it lacked

4

jurisdiction.  *See Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

## III.

In his complaint, Orlansky sought two forms of relief:  a reduction in his sentence pursuant to § 2241 and a declaration that he is eligible for compassionate release.  He claims that he is eligible under the standards for compassionate release promulgated by the Sentencing Commission.  We first explain why Orlansky was not eligible for habeas relief and then address why the district court lacked jurisdiction to award him declaratory relief.

We conclude that the district court properly construed Orlansky's complaint as a § 2241 petition.  We have stated that federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).  "[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence.  *See United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).  Challenges to the execution of a sentence, rather than to its validity, are properly brought under § 2241.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  Because Orlansky's

5

complaint presented a challenge to the execution of his sentence, the district court did not err in treating it as a petition under § 2241.

The district court also properly concluded that Orlansky was not entitled to habeas relief under § 2241.  Congress has provided that a court may reduce a term of imprisonment only if the Director of the BOP files a motion requesting the reduction and the court finds that "extraordinary and compelling reasons warrant" a reduction.  18 U.S.C. § 3582(c)(1)(A).  In the Sentencing Guidelines, the Sentencing Commission promulgated a policy statement explaining that "extraordinary and compelling reasons" exist when the defendant is at least 65 years old, is experiencing deteriorating health due to aging, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less.  U.S.S.G. § 1B1.13, cmt. n.1(B).  But the BOP has indicated in its own policy statement that an elderly inmate may seek a reduction in his sentence only if he is 65 years of age or older and has served the *greater* of 10 years or 75 percent of his sentence.  BOP Statement 5050.49(4)(c).  Importantly, the Sentencing Commission has acknowledged that the criteria set forth in the Guidelines policy statement differ from the criteria actually used by the BOP and that the Guidelines policy statement is not binding on the BOP.  *See* U.S.S.G. App. C Amend. 799.

A court may not compel the BOP to file a motion for compassionate release. *See Fernandez v. United States*, 941 F.2d 1488, 1492-93 (11th Cir. 1991)

6

(declining to review the BOP's denial of a prisoner's request for relief pursuant to 18 U.S.C. § 4205(g), which allowed courts to reduce a prisoner's term of imprisonment upon a motion by the BOP).  We reasoned in *Fernandez* that, by giving the BOP "absolute discretion" over whether to move for a reduction in a prisoner's sentence, Congress precluded judicial review of the BOP's inaction.  *Id.* at 1493.  *Fernandez* thus establishes that the BOP retained absolute discretion to decide whether to file a motion under § 3582(c)(1)(A) for Orlansky to receive a sentence reduction.  The district court properly concluded that it lacked the authority to grant Orlansky a reduction in his sentence based on his age, health, and his time served because the BOP had not filed the required motion on his behalf.

In addition, Orlansky's claim that he was entitled to compassionate release fails for another reason.  He contends that the BOP was required to adopt the standards for compassionate release set forth by the Sentencing Commission.  But his argument is directly at odds with the Sentencing Guidelines.  The Guidelines merely "encourage[]" the BOP to file a motion for compassionate release when the standards outlined by the Sentencing Commission are met.  U.S.S.G. § 1B1.13 cmt. n.4.  And the Sentencing Commission has expressly acknowledged that § 1B1.13 "is not legally binding on the [BOP] and does not confer any rights on the defendant."  U.S.S.G. App. C Amend. 799.  Orlansky has failed therefore to

7

show that the BOP's decision not to follow the Sentencing Commission's non-binding recommendation entitles him to habeas relief.

Orlansky argues that, even if the district court lacked the authority to grant him a sentence reduction, he was entitled to a declaration that he was eligible to apply for compassionate release. But we conclude that the district court lacked jurisdiction to provide such declaratory relief.[1] The Declaratory Judgment Act gives courts the power to declare the rights and legal relations of parties "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). But the Declaratory Judgment Act does not confer jurisdiction upon the federal courts. *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008). In determining whether jurisdiction exists in an action brought under the Declaratory Judgment Act, courts must consider whether "absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court." *Id.* at 862.

The problem for Orlansky is that there is no statute or rule that permits a court to determine whether he is eligible to apply to the BOP for compassionate release. As we discussed above, Congress provided that a federal court may reduce an inmate's sentence only upon a motion by the Director of the BOP. *See*

---

[1] It appears that the district court failed to address whether Orlansky was entitled to a declaration that he was eligible for compassionate release. But even if the district court failed to address this issue, we may address it because we may affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

18 U.S.C. § 3582(c)(1)(A).  Because no such motion was filed here and the district court has no power to compel the BOP to file such a motion, the court lacked jurisdiction under the Declaratory Judgment Act to determine whether Orlansky was eligible for compassionate release.  *See Fernandez*, 941 F.2d at 1493; *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987) (concluding that a similar statute gave the BOP "unreviewable discretion").[2]

## IV.

Accordingly, we affirm the district court's judgment.

**AFFIRMED.**

---

[2] Orlansky also appeals the district court's order denying his motion for reconsideration. We review the denial of a motion for reconsideration for abuse of discretion.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).  A motion for reconsideration may not be used to re-litigate old matters or present arguments or evidence that could have been presented prior to the entry of judgment.  *Id.*  In his motion for reconsideration, Orlansky continued to assert the same argument that he was entitled to a declaration that he was eligible for compassionate release.  Thus the motion for reconsideration properly was denied.